# TEXAS & PACIFIC RAILWAY COMPANY *v.* HILL.

## ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 482. Submitted March 1, 1915.—Decided April 12, 1915.

A corporation created by an act of Congress is inherently entitled to invoke the jurisdiction of this court to review a judgment of the Circuit Court of Appeals, even though such judgment would be final as against another defendant not so incorporated.

Nothing in the record indicates that the trial court erred in not taking the case from the jury.

Where the defendant after removing the case into the Federal court, obtains a continuance in order to prepare its defense on the merits, and does plead to the merits, such action amounts to a waiver of objections to the jurisdiction of the state court in which the action was originally commenced.

The exclusion of jurors and the granting or refusal of postponements are matters within the discretion of the trial court and this court will not interfere unless it appears that the limits of sound discretion were transcended.

Objections to the charge of the trial court to the jury in this case *held* unfounded.

Whether the trial court erred in refusing a remittitur because of the excessive amount of the verdict is not open in this court. *Southern Ry.* v. *Bennett*, 233 U. S. 80.

THE facts, which involve the validity of a judgment for damages for personal injuries, are stated in the opinion.

*Mr. H. C. Carter, Mr. Magus Smith* and *Mr. Perry J. Lewis* for defendant in error in support of the motion.

*Mr. George Thompson* and *Mr. T. D. Cobbs* for plaintiff in error in opposition to the motion.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

As a corporation created by an act of Congress the plaintiff in error is inherently entitled to invoke our jurisdiction. Hence the motion to dismiss is without merit.

Both the record and the argument for reversal are voluminous, the latter covering about one hundred and thirty-five printed pages. We state some of the undisputed facts out of which the controversy arose and recapitulate such of the propositions relied on in argument as we think need to be considered to make clear our disposition of the case.

On December 22, 1911, while a passenger on a train of the Texas & Pacific Railway moving between Longview and Atlanta, Texas, a collision between two trains of the road took place which, it was alleged, occasioned the injuries to the defendant in error to compensate for which she brought this suit. She was travelling on a through ticket sold by the International & Great Northern Railway Company at Pearsall, Frio County, Texas, where the defendant in error resided and where she was employed as a clerk. The ticket covered a journey to Longview, where the International connected with the Texas & Pacific, and thence by that road to Atlanta. After the collision the defendant in error went to the home of her parents at Queen City near Atlanta, where she was treated by a local physician. Under his advice she went to a sanitarium at Texarkana. From there she returned to Queen City, remained under treatment a while and went to her home at Pearsall. Under the advice of a local physician and accompanied by him she subsequently went to San Antonio for consultation with surgeons there. They advised an operation but the advice was not immediately followed, as the defendant in error returned to Pearsall and remained there some time under the care of her physician.

Not improving, again under his advice and accompanied by him she went to San Antonio, submitted to an operation and after convalescence returned in an invalid condition to Pearsall where she was living at the time this suit was commenced on August 24, 1912, in the District Court of Frio County, Texas, against both the International and the Texas & Pacific, the liability of both being based on an allegation that they were partners. The International pleaded to the jurisdiction on the ground that although it operated a road and had an agent in Frio County, it was not susceptible of being sued there for an alleged injury to a passenger. It was asserted that if the jurisdiction was based on a law of Texas of 1905 which was referred to, it did not apply, and if it did, the law was void because repugnant to the state constitution for reasons which were named. In addition in the same paper a denial of the alleged partnership was made and the exclusive liability of the Texas & Pacific for the injury, if any injury had resulted, was asserted. On the same day the Texas & Pacific as a corporation created by an act of Congress, joined by the International, prayed and was granted the right to remove the cause to the District Court of the United States for the Western District of Texas and consequently filed the record in that court on the fourteenth of October, 1912. On the same day the Texas & Pacific filed a paper styled in its heading "Answer of Defendant," but on which was endorsed the title of the case and the words "Pleas, Demurrer, and Answer of the Defendant, T. & P. Ry. Co." The paper contained four separate paragraphs each signed by the attorney. The first, after referring to the plea to the jurisdiction of the state court filed in that court by the International and after alleging that the Texas & Pacific had no road and did no business in Frio County, asked that if the plea of the International should be sustained, the suit should abate as to the Texas & Pacific. The second paragraph

denied under oath the alleged partnership with the International. The third virtually demurred on the ground of no cause of action, and the fourth was an answer to the merits generally denying the averments of the petition and setting up particular grounds of defense. On the third of January, 1913, the plaintiff moved to remand to the state court which was resisted in writing by the Texas & Pacific in a paper in which it alleged that although it was an inhabitant of the Northern District of Texas it had the right to remove the cause to the District Court of the Western District. This pleading contained no reservation whatever of any question of jurisdiction of the state court, but on the contrary alleged that the removal was valid, had been joined in by the International and that said road "joins in this motion contending that the case is one under the law removable, and which controversy between the parties this court has the sole and exclusive jurisdiction by virtue of the removal therein." The motion to remand was denied. The case being at issue, and a term at which it could be tried having either commenced or being about to commence, the Texas & Pacific made a written application for a continuance to enable it to prepare its defense on the merits. The application was granted. Subsequently both the defendants in somewhat amplified form reiterated the pleadings previously filed by them except that the answer of the Texas & Pacific contained averments disputing the existence of the injury complained of, the necessity of the operation to which the plaintiff had submitted, the skill of the surgeon by whom it was performed and attacking the good faith of the plaintiff on the ground that she was feigning an injury not suffered for the purpose of recovering from the railroad damages to which she was not entitled.

When the case was called for trial on May 13, 1913, the defendants directed the court's attention to the alleged pleas in abatement concerning the jurisdiction of the

state court and asked a ruling on the same. The court thereupon overruled said pleas on the ground that the parties had waived them by voluntarily submitting themselves to the jurisdiction of the court. In signing the bill of exceptions on this subject the court said:

"The suit in this cause was filed jointly against the International & Great Northern Railway Company and the Texas & Pacific Railway Company in the District Court of Frio County, Texas; the International & Great Northern Railway Company joined the Texas & Pacific Railway Company in an application to remove the cause from said state court to this Court; the record in said cause was filed in this Court for the December term, 1912; at said term of this Court both defendants made a general appearance without reservation and pleaded to the merits of the cause. The plaintiff made a motion to remand the cause to the state court. In reply to the motion to remand, which was heard at the December term of this Court, defendants filed a written statement to the effect that this Court had sole jurisdiction to try the case. After the motion to remand to the state court was overruled at the December term, defendants made an application in writing for a continuance upon the ground that certain witnesses were necessary for a proper defense on the merits of the case. This motion was granted, and the cause continued to the May term, 1913. When the cause was again called for trial at the May term, 1913, defendants for the first time offered the pleas in abatement mentioned in the bill and the pleas were overruled. A reference to the pleas will show that the defendant, Texas & Pacific Railway Company, only insisted upon its plea in abatement in event the plea in abatement offered by the International & Great Northern Railway Company, was granted."

During the trial when the physician in charge of the sanitarium at Texarkana was testifying as a witness for the defendants, he was asked on cross-examination as to

the truth of statements that there had been improper or indelicate actions or conduct on his part towards the plaintiff while she was under his treatment. The defendants, claiming surprise, asked a postponement of the case in order to produce witnesses as to the doctor's character, which was refused and objection taken. Subsequently when the bill of exceptions was presented to the court on the subject, it directed attention to the fact that the bill embodied not only the objection as made but also referred to a later period in the trial when the plaintiff was testifying on her own behalf and therefore the court said that as no request was made at such later time for a postponement, the objection must be considered as confined to the subject upon which the ruling had been made.

The court instructed a verdict in favor of the International on the ground that there was no proof of its liability. There was a verdict against the Texas & Pacific and after an unavailing effort to obtain a new trial error was prosecuted from the Circuit Court of Appeals, seventeen grounds for reversal being assigned. The judgment was affirmed without a written opinion. This writ of error was then sued out, the assignments of error made for the Circuit Court of Appeals being repeated with an added ground predicating error on the fact that no opinion was written by the Circuit Court of Appeals in affirming the judgment.

After a consideration of all the assignments of error and the arguments advanced to sustain them in the light afforded by an examination of the entire record we are of opinion that there is no ground whatever for holding that reversible error was committed in the trial of the cause, and therefore our duty is to affirm. We might well content ourselves with this statement but we proceed to refer to what we deem to be the more salient of the propositions relied upon in order in the briefest possible way to

point out the reasons why we consider them to be wholly devoid of merit.

(a) In so far as any or all of the contentions, as one or more of them ultimately do, rest upon the proposition that the case should have been taken from the jury because there was no proof tending to show a right to recover, we think they are wholly devoid of merit and it is unnecessary to review the tendencies of the proof to point out the reasons which lead us to this conclusion. *Seaboard Air Line Ry.* v. *Padgett*, decided March 22, 1915, 236 U. S. 668.

(b) Without intimating in any degree that the contention as to want of jurisdiction was well founded on its merits, we think the correctness of the action of the court in overruling it is so manifestly clear from the statement which we have reproduced made by the court in signing the bill of exceptions and from a consideration of the state of the record which we have recapitulated that no further reference to the subject need be made.

(c) The action of the court complained of in excluding two jurors as a result of their preliminary examination and in refusing to permit a postponement of the case under the circumstances disclosed, it is elementary, involved matters within the sound discretion of the court concerning which the record discloses no semblance of ground for predicating a contention that the limits of sound discretion were transcended.

(d) The various contentions concerning the alleged want of liability on the part of the defendant as the result of any asserted malpractice on the part of the surgeon or surgeons who operated upon the plaintiff, we are of opinion, are likewise devoid of all merit. The correctness of this conclusion is adequately demonstrated by a consideration of the text of the charge given by the court to the jury on the subject. In substance the charge with clearness of statement excluded all liability on the part

of the defendant for any injury resulting from the intervening malpractice of the surgeon or surgeons, if such malpractice was found to exist, if the plaintiff had failed to exercise reasonable care in the selection of a competent surgeon or surgeons and had in any respect fallen below the standard which reasonable prudence would have exacted, not only in the employment of a reasonably competent surgeon but in following his advice concerning the necessity of the operation to relieve from the consequences of the injury suffered from the collision, if in fact such injury was found to have been suffered.

In conclusion we observe that the contention that error was committed by the trial court in not directing a remittitur because of the assumed excessive amount of the verdict is not open (*Southern Ry. Co. v. Bennett*, 233 U. S. 80), and it needs nothing but statement of the proposition to demonstrate the want of all foundation for the contention that there is ground for reversing the trial court because the court below affirmed the action of that court without opinion.

*Affirmed.*