**MEIER & POHLMANN FURNITURE CO.
v. TROEGER.**

No. 14432.

United States Court of Appeals
Eighth Circuit.

April 1, 1952.

---

194

Victor B. Harris, St. Louis, Mo. (Charles H. Spoehrer and Smith, Harris & Hanke, all of St. Louis, Mo., on the brief), for appellant.

Malcolm I. Frank, St. Louis, Mo. (Robert Mass, St. Louis, Mo., on the brief), for appellee.

Before SANBORN, JOHNSEN, and COLLET, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment in favor of the plaintiff (appellee), entered upon the verdict of a jury in an action brought to recover allegedly unpaid overtime compensation under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. §§ 201–219. The defendant (appellant) asks that the judgment be reversed upon two grounds: (1) the failure of the District Court to sustain the challenge of a prospective juror for cause, and (2) the insufficiency of the evidence to support the verdict.

The question of the sufficiency of the evidence is not reviewable. The defendant made a motion for a directed verdict at the close of the plaintiff's case. The motion was overruled. The defendant then introduced its testimony, thereby waiving its motion and any objection to the court's action thereon. Hansen v. Boyd, 161 U.S. 397, 403, 16 S.Ct. 571, 40 L.Ed. 746; Perovich v. United States, 205 U.S. 86, 91, 27 S.Ct. 456, 51 L.Ed. 722; Heskett v. United States, 9 Cir., 58 F.2d 897, 902; Smith v. United States, 5 Cir., 63 F.2d 110. Upon the trial of a jury case, in order to preserve for review the question of the sufficiency of the evidence, a party who believes that he is entitled to a verdict as a matter of law must, at the close of all of the evidence, make a motion for a directed verdict in his favor and secure a ruling thereon from the court. Harnik v. Lilley, 8 Cir., 167 F.2d 159, 160–161 and cases cited; Black, Sivalls & Bryson, Inc. v. Shondell, 8 Cir., 174 F.2d 587, 591.

There is little substance and no merit in the contention that the District Court committed prejudicial error in failing to sustain a challenge to a prospective juror for cause. Briefly and generally stated, the following is what occurred: One juror, out of a panel of eighteen, stated on his voir dire examination by the court that he had a casual acquaintance with the attorney for the plaintiff; that the attorney was a customer of one of the salesmen of the firm with which the juror was connected and which was engaged in selling securities. The court asked the juror whether that would affect his judgment in any way. He said: "I should think I would be in favor of a man I knew a little bit, was a client of our firm." The court, after it had stated that the attorneys in the case were not on trial, and had asked whether the juror— who had that morning requested the court to be relieved from jury service—was using his casual acquaintance with the plaintiff's attorney as the basis for being excused, finally said to the juror: "Even though you took an oath to decide this case according to the evidence and the instructions you receive from me as to the law, you still think you might be inclined to favor him [the attorney for the plaintiff]?" The answer was: "I don't think so, no sir. I have always done the honorable—" Counsel for the defendant, without asking leave to interrogate the juror or suggesting that the court examine him further, interposed a challenge for cause, which the court overruled.

The defendant then struck this juror and two others in exercising its three peremptory challenges. There is nothing in the

record to indicate that any of the twelve jurors finally sworn to try the case was objectionable to either party.

 We think the District Court did not err in overruling the defendant's challenge for cause. The question of the competency of a juror, when that is at all doubtful, is essentially one for determination by the trial court. In Reynolds v. United States, 98 U.S. 145, 156–157, 25 L. Ed. 244, the Supreme Court said: "* * * The reading of the evidence leaves the impression that the juror had some hypothetical opinion about the case, but it falls far short of raising a manifest presumption of partiality. In considering such questions in a reviewing court, we ought not to be unmindful of the fact we have so often observed in our experience, that jurors not unfrequently seek to excuse themselves on the ground of having formed an opinion, when, on examination, it turns out that no real disqualification exists. In such cases the manner of the juror while testifying is oftentimes more indicative of the real character of his opinion than his words. That is seen below, but cannot always be spread upon the record. Care should, therefore, be taken in the reviewing court not to reverse the ruling below upon such a question of fact, except in a clear case. The affirmative of the issue is upon the challenger. Unless he shows the actual existence of such an opinion in the mind of the juror as will raise the presumption of partiality, the juror need not necessarily be set aside, and it will not be error in the court to refuse to do so."

In the case of Holt v. United States, 218 U.S. 245, 248, 31 S.Ct. 2, 4, 54 L.Ed. 1021, the following language appears: "* * * The finding of the trial court upon the strength of the juryman's opinions and his partiality or impartiality ought not to be set aside by a reviewing court unless the error is manifest, which it is far from being in this case." See, also, Spies v. Illinois, 123 U.S. 131, 179, 8 S.Ct. 22, 31 L.Ed. 80; Texas & Pacific Railway Company v. Hill, 237 U.S. 208, 214, 35 S.Ct. 575, 59 L.Ed. 918; Arnold v. United States, 7 Cir., 7 F.2d 867, 869; Union Electric Light & Power Co. v. Snyder Estate Co., 8 Cir., 65 F.2d

297, 301; and compare Stroud v. United States, 251 U.S. 15, 21, 40 S.Ct. 50, 64 L. Ed. 103, and 251 U.S. 380, 381, 382, 40 S. Ct. 176, 64 L.Ed. 317.

The plaintiff has asked this Court for an allowance to cover his attorneys' fees on this appeal. The judgment appealed from is affirmed, with an additional allowance of $250.00 for attorneys' fees.