**MITCHELL v. UNITED STATES.**
**No. 14711.**

United States Court of Appeals
Eighth Circuit.

Jan. 6, 1954.

Rehearing Denied Feb. 8, 1954.

Howard F. Sachs, Kansas City, Mo.
(Phineas Rosenberg, Harlow B. King
and Morelock, Hoskins & King, Kansas
City, Mo., on the brief), for appellant.

Joseph L. Flynn, Asst. U. S. Atty., St. Joseph, Mo. (Edward L. Scheufler, U. S. Atty., Kansas City, Mo., on the brief), for appellee.

Before GARDNER, Chief Judge and STONE and THOMAS, Circuit Judges.

GARDNER, Chief Judge.

Appellant was indicted, tried and convicted on four counts of an indictment which charged him with attempting to defeat and evade a large part of his income taxes for the years 1945 through 1948. The first count of the indictment charged, "That on or about the 14th day of March, 1946, in the Western Division of the Western District of Missouri, David H. Mitchell, of Kansas City, Jackson County, Missouri, did wilfully and knowingly attempt to defeat and evade a large part of the income tax due and owing by him to the United States of America for the calendar year 1945, by filing and causing to be filed with the Collector of Internal Revenue for the 6th Internal Revenue Collection District of Missouri, at Kansas City, Missouri, a false and fraudulent income tax return wherein he stated that his net income for said calendar year was the sum of $18,297.52 and that the amount of tax due and owing thereon was the sum of $5,882.69, whereas, as he then and there well knew, his net income for the said calendar year was the sum of $77,221.17, upon which said net income he owed to the United States of America an income tax of $48,650.79." The other counts of the indictment are identical in phraseology except as to the dates involved and the amounts of income and alleged amounts of taxes due. The indictment in fact contained six counts but Appellant was acquitted on Counts V and VI and these counts will require no further reference. We shall hereinafter refer to Appellant as Defendant.

It was the contention of the government and it introduced evidence tending to prove that for the year 1945 Defendant's income was approximately $77,000, whereas he reported an income of only $18,000; that for the year 1946 his income was approximately $57,000, whereas he reported an income of only $44,000; that for the year 1947 his income was approximately $69,000, whereas he reported an income of only $22,000; and that for the year 1948 his income was approximately $67,000, whereas he reported an income of only $43,000.

The government presented its proof under the so-called net-worth-plus-living-expenses method and also offered evidence as to specific omitted income. The government's proof under the net worth method tended to sustain the charges contained in the four counts of the indictment upon which Defendant was convicted. In addition to this proof the government produced evidence that Defendant during each of the years involved received certain substantial cash income which was not reported by him in his income tax returns. These items amount in the aggregate for each of the years involved as follows:

1945—$14,859.96
1946—$ 5,485.00
1947—$ 9,217.52
1948—$ 3,484.00

Defendant did not move for a judgment of acquittal at the close of all the evidence and the case was submitted to the jury on instructions to which no objections were made nor exceptions saved.

Defendant in seeking reversal in substance contends: (1) That the court erred in admitting in evidence over objection Defendant's financial statements based on market values which greatly exceeded cost; (2) That there was failure of proof in that the government failed to produce evidence showing that the alleged increase in Defendant's assets resulted from taxable income rather than from nontaxable income; (3) That the court erred in admitting in evidence Defendant's income tax returns for years prior to those charged in the indictment; (4) That the court erred in permitting the government to cross-examine certain of its own witnesses; (5) That the court erred in permitting argument by the government attorney as to prejudicial matters outside the record; (6) That

the court erred in giving an instruction that negative testimony that payments were not made is legally weak testimony as compared with positive testimony; and (7) That the argument of the government attorney was improper and prejudicial to Defendant.

 In the course of the trial the government introduced testimony of an accountant who had made a study of the Defendant's assets and the income arising therefrom for the years in controversy. The result of his study and compilation was reflected in an exhibit prepared by him in which there was listed Defendant's assets, liabilities and net worth for each year. It also showed or purported to show his net income for each year and his unreported net income. The testimony tended to prove the charges of attempted evasion of income taxes as charged in the various counts of the indictment. In addition to this testimony the government offered in evidence certain financial statements prepared by the Defendant and marked Exhibits 56, 57 and 58. Exhibit 56 was a financial statement presented to a bank March 23, 1949 by Defendant for the purpose of securing loans. Exhibit 57 was a similar statement presented to the bank February 20, 1950 for a like purpose and Exhibit 58 was a financial statement presented to the bank October 10, 1950 for a like purpose. All of these statements were prepared and presented to the bank prior to the time he was charged with the offenses described in the indictment. They were objected to on the ground that they were based upon market values as distinguished from cost. The objection was overruled and Defendant contends that the ruling was erroneous. These exhibits purported to represent the value of Defendant's property at the time they were made. They were admissions as to his financial standing and corroborative of the testimony already introduced by the government in support of its net worth theory, which is not here challenged. It is urged that these statements may have included increases in value which could not properly be considered

as income. It is observed, however, that the value of the real estate so far as disclosed by the statements shows no increase in value and there was no evidence that the statements included any increase in value as distinguished from income. Proof of Defendant's income based upon the net worth theory had already been established by evidence to which no objection is here urged. That evidence alone was substantial evidence sustaining the allegations in the counts of the indictment here involved. In addition to this evidence there was as has been pointed out competent evidence of cash income received by Defendant in each of the years involved and not reported by him in his income tax returns. It was not incumbent upon the government to prove with exactness nor precision the amount of Defendant's taxable income, but as the trial court charged it was only necessary to prove that there was a failure to make a return of the income earned, whatever the amount. Leeby v. U. S., 8 Cir., 192 F.2d 331; Rollinger v. U. S., 8 Cir., 208 F.2d 109. In Leeby v. U. S., supra, we said [192 F.2d 334], "It must be borne in mind that this was not an action to recover the amount of income taxes alleged to be due, nor an action in which it was necessary to determine the exact amount of defendant's income for the years in question. On this phase of the case all that it was necessary to show was that there was omitted from the reported income a substantial amount." As there was abundant competent proof aside from these questioned exhibits that Defendant omitted from the reported income substantial amounts the admission of these exhibits could not be prejudicial. Here it must be borne in mind that the sufficiency of the evidence to sustain the conviction was not challenged in the trial court because there was no motion for judgment of acquittal interposed by Defendant at the close of all the evidence. Leeby v. U. S., supra; Meier & Pohlmann Furniture Co. v. Troeger, 8 Cir., 195 F.2d 193. Thus in Leeby v. U. S., supra, we said, " * * * defendant not having interposed a motion for judg-

ment of acquittal at the close of all the testimony, we cannot now consider the question of the sufficiency of the evidence to sustain the judgment and sentence of conviction." In Meier & Pohlmann Furniture Co. v. Troeger, supra [195 F.2d 194], it is said, "Upon the trial of a jury case, in order to preserve for review the question of the sufficiency of the evidence, a party who believes that he is entitled to a verdict as a matter of law must, at the close of all of the evidence, make a motion for a directed verdict in his favor and secure a ruling thereon from the court." We conclude that there was no error in admitting these exhibits in evidence.

■ It is urged that there was a failure of proof but as Defendant did not interpose a motion for judgment of acquittal at the close of all the evidence he cannot for the first time urge that question here. Leeby v. U. S., supra; Meier & Pohlmann Furniture Co. v. Troeger, supra.

■ Over Defendant's objection the government was permitted to introduce in evidence income tax returns made by Defendant covering years prior to the years here involved and also to introduce proof that Defendant made no income tax returns during certain prior years. We think the evidence was admissible. Leeby v. U. S., supra; Hanson v. U. S., 8 Cir., 186 F.2d 61; Schuermann v. U. S., 8 Cir., 174 F.2d 397. A like contention was urged in Leeby v. U. S., supra, and in the course of that opinion it is said, inter alia, "In estimating defendant's income on the receipts and disbursements basis, or on the net worth basis, the witness considered the question of his income or want of income prior to 1944 and we think the testimony was admissible for that purpose and the court carefully limited it to that purpose."

■■ Complaint is made of the action of the trial court in permitting counsel for the government to cross-examine two of the government's witnesses. It appears from the evidence that the witnesses had made statements either in the form of written statements or in testimony before the grand jury inconsistent with the answers given by the witnesses, and upon statement of counsel that he was taken by surprise by the witnesses' answers which were inconsistent with former statements or testimony given by them he was permitted over objection of counsel for Defendant to cross-examine these witnesses. The question is one that must rest largely in the discretion of the trial court. In the recent case of Finnegan v. U. S., 8 Cir., 204 F.2d 105, 111, we were confronted with a like contention and in sustaining the ruling of the court we said, "The court was of the view that his attitude on the witness stand was one of hostility. The government attorney was warranted in expecting this witness to testify the same as he had testified before the grand jury and we think the court properly allowed the witness to be interrogated as hostile. Ellis v. United States, 8 Cir., 138 F.2d 612." The contention is wholly without merit.

■ It is argued that the Defendant was prejudiced by the improper conduct of the government attorney in his argument to the jury. That question is not properly before this court because no objections were made or exceptions saved in the lower court. Myres v. United States, 8 Cir., 174 F.2d 329.

■■ It is vigorously contended that the court erred in instructing the jury that negative testimony that payments were not made is legally weak testimony as compared with positive testimony. The short answer to this contention is that no objections were made nor exceptions saved to the instructions as given by the court. The record affirmatively shows that the court asked counsel for the Defendant whether or not he had any exceptions, to which counsel replied, "No exceptions." To be available on appeal an exception to an instruction must have been taken in the trial court so as to give that court an opportunity to correct the instruction. Finnegan v. U. S., supra.

■ We are urged to consider questions not presented to nor passed upon by the trial court and Rule 52(b) of the Federal Rules of Criminal Procedure, 18

U.S.C.A. is invoked. There is no doubt that plain error affecting substantial rights and resulting in a miscarriage of justice may be considered by this court even though not presented to the trial court. A careful perusal and consideration of the record in this case however, convinces us that there has been no miscarriage of justice and while the question of the sufficiency of the evidence is not properly before this court we have carefully examined the entire record and are of the view that the guilt of the Defendant as charged in the four counts of the indictment on which he was convicted was established beyond a reasonable doubt by substantial competent evidence, and in these circumstances we are not impelled to consider questions of alleged errors raised for the first time in this court. Simon v. United States, 4 Cir., 123 F.2d 80; Breedin v. United States, 4 Cir., 73 F.2d 778, 780. In the last cited case it is said, "We exercise the power to notice plain error not assigned only where necessary to prevent a miscarriage of justice; and a careful examination of the record convinces us that there is no occasion to exercise it here."

We have considered all the other contentions of counsel and find them wholly without merit. The judgment appealed from is therefore affirmed.