David H. **MITCHELL**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 14711.

United States Court of Appeals
Eighth Circuit.

May 3, 1955.

Rehearing Denied May 31, 1955.

Howard F. Sachs, Kansas City, Mo., Phineas Rosenberg, Harlow B. King and Morelock, Hoskins & King, Kansas City, Mo., were with him on the brief, for appellant.

Joseph L. Flynn, Asst. U. S. Atty., St. Joseph, Mo., Edward L. Scheufler, U. S. Atty., Kansas City, Mo., was with him on the brief, for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

GARDNER, Chief Judge.

This case is before us for the second time pursuant to a judgment of the United States Supreme Court which vacated the judgment of this court and remanded it "for consideration in the light of Holland v. United States [348 U.S. 121, 75 S.Ct. 127], Friedberg v. United States [348 U.S. 142, 75 S.Ct. 138], Smith v. United States [348 U.S. 147, 75 S.Ct. 194], and United States v. Calderon [348 U.S. 160, 75 S.Ct. 186]. We have not considered the merits of these cases, nor have we determined their relationship to our recent opinions, supra, believing that reexamination by the Courts of Appeals is desirable even in those cases remotely involving the principles laid down in the net worth decisions."

The case has accordingly been reargued and resubmitted. The basic issues are outlined in our prior opinion reported as Mitchell v. United States, 8 Cir., 208 F. 2d 854. They have not been changed by the judgment of the Supreme Court vacating our decision but the case has been remanded for reexamination because it as tried in the District Court "remotely" involved proof of net income by resort to the so-called net worth theory.

Although defendant interposed no motion for acquittal at the close of all the evidence and saved no exceptions to the instructions as given by the court, he nevertheless on this reexamination urges

that the evidence was insufficient to sustain the verdict and that the court committed error in certain of its instructions, and in effect now seeks to retry his case *de novo* in this court. Thus he contends that:

"1. In income tax prosecution based on net worth theory, there was failure of proof when the Government failed to present evidence that alleged increase in assets was attributable to taxable income rather than non-taxable sources, in that the Government failed to prove a likely taxable source from which the jury could reasonably find that the alleged net worth increases sprang; and under current authorities there was error in submitting such deficient evidence to the jury.

"2. In income tax prosecution based on net worth theory, where alleged net worth increases were evidenced by the Government's net worth statement based on cost of assets, the trial court erred in admitting into evidence over objection appellant's financial statements based on market values which greatly exceeded cost as an alleged admission supporting said net worth proof; and the trial court further erred in instructions using said market value financial statements as alleged proof of net income under the net worth method.

"3. Under current authorities, the trial court erred in instructions in relation to the net worth method of proving income, in that it did not present a summary of the nature of the net worth method the assumptions on which it rests, and the inferences available for the accused."

■ As has been observed there was no motion for acquittal interposed by defendant at the close of all the testimony. Only by the interposition of such a motion is the question of the sufficiency of the evidence to sustain a verdict made a question of law reviewable by this court. Leeby v. United States, 8 Cir., 192

F.2d 331; Meier & Pohlmann Furniture Co. v. Troeger, 8 Cir., 195 F.2d 193; Mitchell v. United States, 8 Cir., 208 F.2d 854, 856. We must therefore again decline to consider the question of the sufficiency of the evidence to sustain the verdict further than to observe in passing that quite aside from the evidence as to taxable income for the years in question evidenced by resort to the so-called net worth theory of computation there was direct evidence of specific omitted income in the following amounts: 1945—$14,859.96; 1946—$5,485.00; 1947—$9,217.52; 1948—$3,484.00.

■ Viewing the evidence in a light most favorable to the government, as we must, the evidence of specific omitted income abundantly sustained the verdict. The theory of the defense in the trial court was not that there was not omitted taxable income but that its omission was attributable to bookkeeping errors or to a failure of defendant to consider the money as income.

■ Defendant, as in his first argument of this case, again urges that the court erred in admitting certain financial statements made by him to a bank as a basis for credit. The argument is simply a repetition of the argument submitted on the first hearing of this case. Mitchell v. United States, supra. We answer it by reaffirming what we there said as follows:

"These exhibits purported to represent the value of Defendant's property at the time they were made. They were admissions as to his financial standing and corroborative of the testimony already introduced by the government in support of its net worth theory, which is not here challenged. It is urged that these statements may have included increases in value which could not properly be considered as income. It is observed, however, that the value of the real estate so far as disclosed by the statements shows no increase in value and there was no evidence that the statements includ-

ed any increase in value as distinguished from income. Proof of Defendant's income based upon the net worth theory had already been established by evidence to which no objection is here urged. That evidence alone was substantial evidence sustaining the allegations in the counts of the indictment here involved. In addition to this evidence there was as has been pointed out competent evidence of cash income received by Defendant in each of the years involved and not reported by him in his income tax returns. It was not incumbent upon the government to prove with exactness nor precision the amount of Defendant's taxable income, but as the trial court charged it was only necessary to prove that there was a failure to make a return of the income earned, whatever the amount. Leeby v. United States, 8 Cir., 192 F.2d 331; Rollinger v. United States, 8 Cir., 208 F.2d 109. * * * As there was abundant competent proof aside from these questioned exhibits that Defendant omitted from the reported income substantial amounts the admission of these exhibits could not be prejudicial."

The exhibits were admissions showing knowledge of the increase over and above reported income.

■ It remains to consider the contention that the court erred in certain of its instructions. The instructions were not objected to and counsel for defendant affirmatively approved them. In these circumstances we are not at liberty to review them. Finnegan v. United States, 8 Cir., 204 F.2d 105; Mitchell v. United States, supra.

A reexamination of the entire record and the contentions urged by defendant for reversal convinces us that neither in the trial of this case by the District Court nor on the appeal in this court was any violence done to the precautionary teaching or principles announced in Hol-

land v. United States, 348 U.S. 121, 75 S.Ct. 127, and companion cases. The judgment appealed from is therefore affirmed.