John Anthony McDONOUGH, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 15719.

United States Court of Appeals
Eighth Circuit.

Oct. 25, 1957.

Rehearing Denied Nov. 22, 1957.

Edward K. Delaney, St. Paul, Minn., for appellant.

Keith D. Kennedy, Asst. U. S. Atty., St. Paul, Minn. (George E. MacKinnon, U. S. Atty., St. Paul, Minn., on the brief), for appellee.

Before GARDNER, Chief Judge, and VOGEL and VAN OOSTERHOUT, Circuit Judges.

GARDNER, Chief Judge.

Appellant was convicted on the second count of an indictment which, omitting formal allegations, charged that:

"Count I

"(18 U.S.C. § 641)

"On or about the 4th day of October, 1955, in the City of St. Paul, County of Ramsey, Third Division, State and District of Minnesota, the defendant, John Anthony McDonough, did knowingly, unlawfully and feloniously steal certain things of value of the United States Department of Health, Education and Welfare, a department of the United States, to-wit, one United States Signal Corps Power Unit PE–77–D bearing serial number 20379: CYX —Ordnance No. 3875—Phila.—44; and nine, more or less, sheets of .040 Gauge Reynolds Aluminum bearing the following identification: 'Reynolds 24S–T3–QA–362 ALCLAD', said articles and things having an aggregate value of $316.-64, more or less.

"Count II

\* \* \* \* \* \*

"On or about the 14th day of April, 1956, in the City of St. Paul, County of Ramsey, Third Division, State and District of Minnesota, the defendant, John Anthony McDonough, did knowingly, unlawfully and feloniously conceal and retain certain things of value of the United States Department of Health, Education and Welfare, a department of the United States, which had been stolen, to-wit: one United States Signal Corps Power Unit PE–77–D bearing serial number 20379: CYX —Ordnance No. 3875—Phila.—44; and nine, more or less, sheets of .040 Gauge Reynolds Aluminum bearing the following identification: 'Reynolds 24S–T3–QA–362 ALCLAD', said articles and things having an aggregate value of $316.64 more or less, with intent to convert same to his own use and gain, knowing the same to have been stolen."

The property described in the indictment was government property, and at and prior to the time of its theft was located in or about a warehouse at the State Fair Grounds in St. Paul, Minnesota. The property was so-called government surplus and had been allocated to the State of Minnesota Department of Education by the United States Department of Health, Education and Welfare for the purpose of distribution to eligible health and educational institutions. The power unit was inside the warehouse but the sheets of aluminum were stored outside and immediately adjacent thereto. The evidence as to appellant's larceny of the property was purely circumstantial. The evidence as to appellant's possession of the property was without dispute but it was appellant's claim that he purchased it from two unknown men and that he did not know it was stolen. There was evidence which the government claimed proved that appellant concealed the property.

At the close of the government's evidence appellant in effect moved for judgment of acquittal as to Count II of the indictment on the ground that the government's evidence failed to establish a prima facie case showing that the property was concealed by him as charged in Count II. The motion was denied. The appellant thereupon introduced testimony in his own defense but did not at the close of all the evidence renew his motion for judgment of acquittal.

The case was submitted to the jury on instructions to which the appellant saved certain exceptions. The jury returned a verdict finding appellant not guilty on Count I and guilty on Count II. On the verdict so returned the court entered judgment and sentence, following which appellant moved for judgment of acquittal notwithstanding the verdict or in the alternative for a new trial. The motion was denied and appellant prosecutes this appeal seeking reversal on various grounds, by a number of which appellant seeks to challenge the sufficiency of the evidence to sustain the verdict.

Before considering the contentions of appellant on this appeal we shall first consider the sufficiency of the record to entitle him to present the questions urged. As has been observed, although appellant interposed a motion which we have accepted as equivalent to a motion for judgment of acquittal at the close of the government's evidence, after his motion was denied he introduced testimony in his own defense and he did not renew his motion for judgment of acquittal at the close of all the evidence.

■■ To entitle an appellant in either a civil or criminal case to urge in this court that the evidence was insufficient to sustain the verdict of the jury, he must, at the close of all the evidence, have interposed in the trial court a motion either for a directed verdict in a civil case or for judgment of acquittal in a criminal case. By this procedure the question of the sufficiency of the evidence becomes a question of law which the court will consider on appeal. It is well settled that absent such motion this court will not review the evidence. Appellant may not for the first time on appeal raise the question of the sufficiency of the evidence. It is equally well settled that an appellant who interposes a motion for a directed verdict at the close of plaintiff's evidence in a civil case, or a motion for judgment of acquittal at the close of the government's evidence in a criminal case, who thereafter introduces testimony in his defense, thereby waives his motion unless he renews it at the close of all the evidence. Seventh Amendment, U. S. Constitution; Leeby v. United States, 8 Cir., 192 F.2d 331; Mitchell v. United States, 8 Cir., 208 F.2d 854; Meier & Pohlmann Furniture Co. v. Troeger, 8 Cir., 195 F.2d 193, 194. Thus in Leeby v. United States, supra, we said [192 F.2d 333]:

"We shall first refer to the claim of error in denying defendant's motion for acquittal interposed at the close of the government's case. It is observed that after this motion was interposed and denied at the close of the government's case, defendant offered testimony and himself testified in his own behalf. He did not renew this motion at the close of all the evidence. Defendant was entitled to offer evidence in his defense notwithstanding the fact that he had interposed a motion for acquittal at the close of the government's testimony but by so doing he waived his objection to the ruling of the court in denying his motion and his right to allege this ruling as error, and defendant not having interposed a motion for judgment of acquittal at the close of all the testimony, we cannot now consider the question of the sufficiency of the evidence to sustain the judgment and sentence of conviction."

In Meier & Pohlmann Furniture Co. v. Troeger, supra, Judge Sanborn, speaking for this court, said inter alia:

"Upon the trial of a jury case, in order to preserve for review the question of the sufficiency of the evidence, a party who believes that he is entitled to a verdict as a matter of law must, at the close of all the evidence, make a motion for a directed verdict in his favor and secure a ruling thereon from the court."

■ We must therefore assume that the evidence was sufficient to sustain the verdict of guilty as returned by the jury. The verdict of the jury is con-

clusive that the property described in the indictment was government property, that it was stolen, that the appellant received it knowing that it was stolen, and that he concealed it with intent to convert it to his own use.

There are no exceptions urged as to the rulings of the court on the admissibility of the evidence but it is urged that the court erred in giving instructions numbered I, II and IV as requested by the government.

■ At the request of the government the court gave what is referred to in the briefs as requested instruction No. I which reads as follows:

"Congress has provided, insofar as is pertinent to this case, as follows:

" 'Whoever embezzles, steals, purloins * * * any * * * thing of value of the United States, or any department or agency thereof * * *'

is guilty of an offense and subject to the punishment provided by law.

"Congress has also provided in the same statute that:

" 'Whoever receives, conceals or retains the same with intent to convert it to his own use or gain, knowing it to have been embezzled, stolen, purloined or converted * * *'

is also guilty of an offense and subject to the punishment provided by law.

"This statue, then, defines two separate and distinct offenses, namely, the stealing of a thing of value of the United States and retaining the same with intent to convert it to one's own use or gain, knowing it to have been stolen."

It is a little difficult to determine from the record the grounds of objection to this instruction urged by appellant in the trial court but it is here urged that a part of the instruction was erroneous because "* * * a person who actually does the stealing cannot also be guilty of receiving the stolen property, since he cannot receive it from himself", and that the statute under which the indictment was drawn did not define two offenses. It should be noted in passing that the sufficiency of the indictment was not challenged in the trial court. It in fact at least purported to charge two separate offenses and there was no motion to require the government to elect between the two. The appellant was acquitted of the charge of stealing and the argument that he could not have received the property from himself is not here pertinent. The testimony of the appellant was that he received it from two unknown men and the jury found that he did not acquire it by stealing it. We are not on this record required to decide whether one may be convicted under this statute of the crime of both stealing and the crime of concealing the property stolen because the appellant was not convicted of stealing the property. The charge contained in the second count of the indictment is based upon the statute referred to in this instruction and there was evidence warranting the jury in finding that he received the property knowing it was stolen and that he concealed and retained it with intent to convert it to his own use. True, all of the property was not at all times after he acquired it concealed, but it was, at least a substantial part of the time, concealed, or at least the evidence of the government was sufficient to warrant the jury in so finding. The court did not err in giving this instruction.

■ The exception urged to requested instruction No. II is substantially the same as that to requested instruction No. I, to-wit, that "* * * a person who actually does the stealing cannot also be guilty of receiving the stolen property since he cannot receive it from himself." As above noted, the appellant was not convicted of stealing the property as charged in Count I of the indictment

but was convicted of concealing and retaining it with intent to convert it to his own use, knowing it to have been stolen as charged in Count II of the indictment. And again we repeat that the indictment was not challenged in the trial court and cannot for the first time be challenged here. We conclude that there was no error in giving requested instruction No. II.

It is finally urged that the court erred in giving requested instruction No. IV. The only objection to the giving of the instruction called to the attention of the trial court was in the following words:

"The Court: You object to 4?

"Mr. Delaney: Yes, I do."

This objection was inadequate as a basis for alleged error. Rule 30, Federal Rules of Criminal Procedure, 18 U.S.C.A.; McKenna v. United States, 8 Cir., 232 F.2d 431; Armstrong v. United States, 8 Cir., 228 F.2d 764; Schuermann v. United States, 8 Cir., 174 F.2d 397. Rule 30 of the Federal Rules of Criminal Procedure, supra, provides as follows:

"* * * No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

We must consider the instructions as a whole and not piecemeal. Segal v. United States, 8 Cir., 246 F.2d 814. When so considered we think they were eminently fair to the appellant.

On the entire record we conclude that the appellant had a fair trial. Though the question is not properly raised we have examined the evidence and think there has been no miscarriage of justice. The judgment appealed from is therefore affirmed.