Sally Jean ROOD, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17677.

United States Court of Appeals
Eighth Circuit.

Jan. 21, 1965.

Stewart R. Perry, Minneapolis, Minn., for appellant.

Sidney P. Abramson, Asst. U. S. Atty., Minneapolis, Minn., Miles W. Lord, U. S. Atty., Minneapolis, Minn., on the brief, for appellee.

Before VOGEL, VAN OOSTERHOUT and MEHAFFY, Circuit Judges.

MEHAFFY, Circuit Judge.

Sally Jean Rood, defendant-appellant, was tried to a jury and convicted of transferring a counterfeit obligation of the United States with intention that the same be passed as a true and genuine obligation in violation of 18 U.S.C.A. § 473.[1] Defendant was sentenced to eighteen months' imprisonment.

The defendant initially questions the sufficiency of the evidence to support the jury verdict. This question is not properly before this Court as no motion for acquittal was made at the close of all the evidence. Upon completion of the prosecution's evidence, defendant did move for a judgment of acquittal which was overruled by the District Court. Thereupon defendant introduced evidence on behalf of her defense but failed to renew the motion for acquittal at the close of all the evidence. Failure to reassert the motion challenging the sufficiency of the evidence at the conclusion of all the evidence was tantamount to a waiver or abandonment by defendant of this question of law, precluding its consideration by this Court via an appeal. Picciurro v. United States, 250 F.2d 585, 589–590 (8th Cir. 1958). Accord: Edwards v. United States, 333 F.2d 588 (8th Cir. 1964); Rosenbloom v. United States, 259 F.2d 500 (8th Cir. 1958), cert. denied 358 U.S. 929, 79 S.Ct. 315, 3 L.Ed.2d 302 (1959); Cofer v. United States, 256 F.2d 221 (8th Cir. 1958), cert. denied 358 U.S. 840, 79 S.Ct. 65, 3 L.Ed.2d 75 (1958); McDonough v. United States, 248 F.2d 725 (8th Cir. 1957); Mitchell v. United States, 208 F.2d 854 (8th Cir. 1954), cert. denied 347 U.S. 1012, 74 S.Ct. 863, 98 L.Ed. 1135 (1954); Lucas v. United States, 325 F.2d 867 (9th Cir. 1963); Hughes v. United States, 320 F.2d 459 (10th Cir. 1963), cert. denied 375 U.S. 966, 84 S.Ct. 483, 11 L.Ed.2d 415 (1964).

Notwithstanding the above rule, we have carefully reviewed the entire transcript of the testimony to determine whether plain error exists under Fed.R. Crim.P. 52(b). Defendant, in her brief, has accurately summarized the evidence as follows:

"On Tuesday, March 26, 1963, the defendant made a purchase at the Tom McAnn (sic) Shoe Store in the Glenwood Shopping Center in North Minneapolis from Mr. Worth Schmeda. While paying for this purchase Mr. Schmeda observed a 'faded' $20 bill in the possession of the defendant. Thereafter on March 27 the defendant made a purchase at the 'V' Store in the same shopping center. She paid for this purchase with a $20 bill which bill was immediately placed in a deposit and sent to the bank. The bookkeeper at the 'V' Store recalled receiving a telephone call relative to the counterfeit $20 bill from the store manager who was at the bank with the deposit. She recalled the bill being placed in the deposit and the description of the defendant as having given her the bill which she later placed in the particular deposit which she identified. Thereafter the bookkeeper and a sales clerk left the 'V' Store and circulated to the other stores in the center the information relative to the $20 bill.

"Upon entering the Tom McAnn Shoe Store Mr. Schmeda recalled the incident of the previous evening and

---

1. "Whoever buys, sells, exchanges, transfers, receives, or delivers any false, forged, counterfeited, or altered obligation or other security of the United States, with the intent that the same be passed, published, or used as true and genuine, shall be fined not more than $5,000 or imprisoned not more than ten years, or both."

related his description of the defendant and his view of the 'faded' $20 bill. Mrs. Rood denied having the $20 bill on March 26 and admitted that she had used a $20 bill in the purchase at the 'V' Store on March 27. However, it was her testimony that she obtained the $20 bill by cashing a $20 check at a super market in the early morning hours of March 27.

"Subsequently on the evening of March 27, 1963, Mrs. Rood was again observed at the Henry's Hamburger stand on Plymouth Avenue in North Minneapolis near the Glenwood Shopping Center. She attempted to pay for her purchase at the hamburger stand with a $20 bill but the manager and clerk at the hamburger stand refused to accept the bill indicating they had no change for it. Thereafter a man in line behind Mrs. Rood at the hamburger stand agreed to change the bill. This man, Donald Dillon, the next morning purchased a money order at a nearby hardware store and thereafter the hardware store deposited these funds and discovered that as part of the payment received from Mr. Dillon for the money order purchased that morning was a counterfeit $20 bill.

"Mrs. Rood admitted that she had been at the hamburger stand and testified that although through the course of the day March 27 she had spent most of the $20 bill that she admitted cashing at the 'V' Store that she could not recall where she obtained the second $20 bill, the bill charged in the indictment."

■ The conviction was based on defendant's knowingly passing a counterfeit twenty dollar bill to Donald Dillon at Henry's Hamburger Stand. Additionally, the evidence clearly indicates that defendant passed another counterfeit twenty dollar bill on the same morning at the "V" Store and was observed at the shoe store the preceding day in possession of an apparently spurious twenty dollar bill. All of this occurring during an approximate twenty-four hour period coupled with defendant's unsatisfactory explanation of these incidents and her inability to account for the source of the bogus twenty dollar bill she passed to Mr. Dillon constituted substantial, competent evidence justifying the jury's conclusion of guilt.

Thus, as to the evidence, no plain error exists which would warrant invoking Rule 52(b). See Kreinbring v. United States, 216 F.2d 671, 674 (8th Cir. 1954).

The defendant finally contends that the District Court erred in denying her post-trial motion in arrest of judgment on the ground that the indictment failed to allege an offense against the United States because it neglected to aver knowledge or intent to defraud on the part of defendant.

The indictment was cast in the language of the statute, 18 U.S.C.A. § 473, supra footnote 1. It averred that defendant "did exchange, transfer and deliver a counterfeited obligation of the United States with intent that the same be passed and used as a true and genuine obligation of the United States." Defendant concedes that the indictment would be invulnerable if it had contained the words "knowingly" or "intent to defraud."

The District Court stated in its memorandum overruling defendant's post-trial motion:

"Obviously, if one passes a counterfeit bill with the intent that the same be passed and used as a true and genuine obligation of the United States, the passer, if he or she has that intent, necessarily must have knowledge of the counterfeit character of the security. In other words, the intent required by the statute necessarily implies knowledge that the bill is spurious."

■ We agree with the District Court that a person passing a counterfeit bill with intent that the same be passed and used as a true and genuine obligation of the United States must necessarily have knowledge of the counterfeit character

of the security. Construing this statute, the Fifth Circuit in Riggs v. United States, 280 F.2d 750, 752 (5th Cir. 1960) said:

"When 'intent to defraud' under Section 472 is charged generally, we agree with the view of Judge Learned Hand, expressed in the case last cited [United States v. Rabinowitz, 2 Cir., 1949, 176 F.2d 732, 734], that there is no tenable distinction between such intent and the intent required by the next section, viz.: ' * * * with the intent that the same be passed, published, or used as true and genuine * * *.' 18 U.S. C.A. § 473."

The defendant relies upon United States v. Carll, 105 U.S. 611, 26 L.Ed. 1135 (1881) as authority that the indictment is defective when it fails to allege that defendant knew of the falsity of the instrument. In Harris v. United States, 288 F.2d 790, 793 (8th Cir. 1961), Judge Van Oosterhout pointed out the obsolescence of the Carll case and collected many of the leading authorities from which the requisites of a valid indictment have evolved:

"The Federal Rules of Criminal Procedure have been adopted since the decision in the Carll case. Such rules were designed 'to eliminate technicalities in criminal pleading and are to be construed to secure simplicity in procedure.' United States v. Debrow, 346 U.S. 374, 376, 74 S.Ct. 113, 115, 98 L.Ed. 92.

"In Smith v. United States, 360 U.S. 1, 9, 79 S.Ct. 991, 996, 3 L.Ed. 2d 1041, the Supreme Court states:

" 'This Court has, in recent years, upheld many convictions in the face of questions concerning the sufficiency of the charging papers. Convictions are no longer reversed because of minor and technical deficiencies which did not prejudice the accused. E. g., Hagner v. United States, 285 U.S. 427 [52 S.Ct. 417, 76 L.Ed. 861]; Williams v. United States, 341 U.S.

97 [71 S.Ct. 576, 95 L.Ed. 774]; United States v. Debrow, 346 U.S. 374 [74 S.Ct. 113, 98 L.Ed. 92]. This has been a salutary development in the criminal law.'

"In Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 419, 76 L.Ed. 861, the test to be applied in determining the sufficiency of an indictment is thus stated:

" 'The rigor of old common-law rules of criminal pleading has yielded, in modern practice, to the general principle that formal defects, not prejudicial, will be disregarded. The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." '

"In Anderson v. United States, 8 Cir., 262 F.2d 764, 770, this court reaffirmed the statement made in Hewitt v. United States, 8 Cir., 110 F.2d 1, 5, reading as follows:

" 'The sufficiency of an indictment should be judged by practical, and not by technical, considerations. It is nothing but the formal charge upon which an accused is brought to trial. An indictment which fairly informs the accused of the charge which he is required to meet and which is sufficiently specific to avoid the danger of his again being prosecuted for the same offense should be held good.' "

Accord: Hayes v. United States, 296 F.2d 657 (8th Cir. 1961), cert. denied 369 U.S. 867, 82 S.Ct. 1033, 8 L.Ed.2d 85 (1962); United States v. Spada, 331 F.2d 995 (2nd Cir. 1964); Ramirez v. United States, 318 F.2d 155 (9th Cir.

1963); Russell v. United States, 306 F. 2d 402 (9th Cir. 1962); United States v. Seegar, 303 F.2d 478 (2nd Cir. 1962); United States v. Strauss, 285 F.2d 953 (5th Cir. 1960); Schnautz v. United States, 263 F.2d 525 (5th Cir. 1959), cert. denied 360 U.S. 910, 79 S.Ct. 1294, 3 L.Ed.2d 1260 (1959).

■■■ All that is required under Fed.R.Crim.P. 7(c) is that the indictment be a plain, concise and definite written statement of the essential facts constituting the offense charged. An indictment is deemed good when it informs the accused of the offense with which he is charged with sufficient specificity to enable him to prepare his defense and to avoid the danger of the accused being again prosecuted for the same offense.

■■■ We are convinced that the defendant was sufficiently apprised of the charge; that the charge was sufficiently explicit to avoid the danger of her again being prosecuted for the same offense; and that no prejudice resulted from the District Court's refusal to vitiate the indictment.[2]

We note that this was the first appearance before this Court for Assistant United States Attorney Mr. Sidney P. Abramson and for court-appointed counsel for defendant, Mr. Stewart R. Perry. We commend Messrs. Abramson and Perry for the quality of their briefs and skillful presentation of their oral arguments.

The judgment of conviction is affirmed.

2. The trial court carefully instructed the jury that knowledge of the counterfeit nature of the bill and intent to defraud were both essential ingredients of the crime charged:

"The mere fact that one may pass a counterfeit bill, that standing alone, does not give rise to any legitimate inference of guilt. In other words, one may pass a counterfeit bill without any knowledge that it is spurious, an.., of course, if that takes place no offense against the laws have (sic) been committed.

"It is necessary, of course, then, members of the jury, for you to determine first whether or not a counterfeit bill was passed by her, at Henry's Hamburger Shop, and whether or not she, if it was passed by her, and if it was counterfeit, did she know and did she pass it with intent to defraud?

\* \* \* \* \*

"I have already indicated that intent is an essential ingredient in the commission of the offense charged in the Indictment. Both knowledge of the counterfeit nature of these bills, if she did pass them and intent to defraud are essential ingredients of the crime charged."