## DIEHL v. UNITED STATES. *
### No. 11071.

Circuit Court of Appeals, Eighth Circuit.
Aug. 24, 1938.

James E. Carroll, of St. Louis, Mo., for appellant.

Arthur A. Hapke, Asst. U. S. Atty., of St. Louis, Mo. (Harry C. Blanton, U. S. Atty., of Sikeston, Mo., on the brief), for the United States.

Before STONE, SANBORN, and VAN VALKENBURGH, Circuit Judges.

SANBORN, Circuit Judge.

The appellant, with eleven other persons, was indicted under § 88, Title 18, U.S.C., 18 U.S.C.A. ·§ 88, for conspiring to violate the Internal Revenue Laws of the United States with respect to selling, dealing in, possessing, transporting, removing and concealing distilled spirits upon which no tax had been paid (§§ 1394, 1397, 1441, 1287 and 1152a of Title 26, U.S.C., 26 U.S.C.A. §§ 1152a, 1287, 1394, 1397, 1441). The appellant was tried, convicted and sentenced, and has appealed.

He challenges (1) the sufficiency of the evidence to sustain his conviction; (2) the court's instruction as to the nature of the conspiracy charged; (3) the admission of certain evidence in rebuttal, over objection.

The Government's evidence showed that the appellant,. Diehl, in 1935 was a police officer of East St. Louis, Illinois; that Harry Repple, a co-defendant, was a resident of St. Louis, Missouri, who in November, 1935, was engaged in the business of dealing in illicit alcohol; that Repple was at that time introduced to Diehl in East St. Louis, and that Diehl entered into an arrangement with Repple to protect him in selling illicit alcohol in East St. Louis, in consideration of which Repple was to pay to Diehl $25 each month; that pursuant to this arrangement Repple sold alcohol in East St. Louis and paid Diehl $25 a month from the time the arrangement was made until July, 1936, when Repple was apprehended; that early in February, 1936, Diehl in East St. Louis introduced John A. Buckhannon, of that City, to Repple and Crutchfield (also a co-defendant), an associate of Repple in the alcohol business; that Diehl had told Buckhannon previously that he would put him in touch with some people in St. Louis who could do him "some good";

that after Repple met Buckhannon, he furnished Buckhannon a car and alcohol, and Buckhannon sold the alcohol in East St. Louis for $13.50 a can (apparently 5 gallons) and paid to Repple $10.50 a can; that Diehl, after Buckhannon had entered into this arrangement, "borrowed" from Buckhannon from $2 to $4 on an average of once a week, which was not repaid; that in May, 1936, Buckhannon was arrested, and Repple recaptured the car which he had furnished to Buckhannon and which Buckhannon had been using in distributing alcohol.

Diehl denied ever having been associated in any way with Repple, Buckhannon and their associates, and his evidence tended to indicate that they had "framed" him for purposes of revenge.

■■ Since the verdict of the jury was favorable to the Government, we are authorized to go no further than to ascertain whether or not there is any substantial evidence to support it, and, in considering that question, are obliged to take that view of the evidence which is most favorable to the Government. Galatas v. United States, 8 Cir., 80 F.2d 15, 23; Marx v. United States, 8 Cir., 86 F.2d 245, 250; Shama v. United States, 8 Cir., 94 F.2d 1, 3; Roberts v. United States, 8 Cir., 96 F.2d 39, 40.

■ The indictment alleged that the conspiracy was formed in the Eastern Judicial District of Missouri. Many overt acts were charged, some as having occurred in that District and some as having occurred in Illinois. The Government's evidence showed that the agreement between Diehl and Repple and the arrangement between Buckhannon, Repple and Diehl were made in Illinois, but that overt acts, as charged, were committed both in Illinois and in Missouri.

It is the contention of the appellant that the Government charged a Missouri conspiracy and proved an Illinois conspiracy. The complete answer to this contention will be found in Hyde v. United States, 225 U.S. 347, 359-367, 32 S.Ct. 793, 56 L.Ed. 1114, Ann.Cas.1914A, 614. On page 359, 32 S.Ct. on page 799, the Supreme Court said: "The conspiracy, therefore, cannot alone constitute the offense. It needs the addition of the overt act. Such act is something more, therefore, than evidence of a conspiracy. It constitutes the execution or part execution of the conspiracy,

and all incur guilt by it, or rather complete their guilt by it, consummating a crime by it cognizable then by the judicial tribunals, such tribunals only then acquiring jurisdiction."

And on page 367, 32 S.Ct. on page 802: "As the overt acts give jurisdiction for trial, it is not essential where the conspiracy is formed, so far as the jurisdiction of the court in which the indictment is found and tried is concerned."

■ Since, under the Government's evidence, the appellant, Diehl, knowingly lent aid, comfort and protection to the possessing, transporting and selling by Repple and his associates of illicit alcohol upon which no tax had been paid, and since overt acts in furtherance of the conspiracy were committed in the Eastern District of Missouri, there was substantial evidence of appellant's guilt.

■ "The rule established by the conspiracy cases is that the jury may infer agreement and joint responsibility from the fact that the defendant aided with knowledge of the existence of the unlawful enterprise. Luteran v. United States, 8 Cir., 93 F.2d 395; McDonald v. United States, 8 Cir., 89 F.2d 128; Galatas v. United States, 8 Cir., 80 F.2d 15." Alexander v. United States, 8 Cir., 95 F.2d 873, 880.

■ At the conclusion of the court's charge, the appellant took this exception: "If Your Honor please, for the purpose of protecting our record I want to object to Your Honor's charge as to what is the nature of the conspiracy charged in the indictment, if it was the same theory that Your Honor advanced during the colloquy with Mr. Hapke, and I object to that as not being a correct statement of the law."

This exception to the charge was, clearly, too vague and general to subject any portion of the court's instructions to review by this Court. The rule is that alleged error in charging a jury either in the giving of instructions or the refusing to give requested instructions will not be reviewed in the absence of specific exceptions pointing out wherein the instructions given are either insufficient or erroneous. Hall v. Aetna Life Ins. Co., 8 Cir., 85 F.2d 447, 450, and cases cited.

■ The appellant took the stand in his own behalf and, as already pointed out, denied any association, criminal or otherwise, with those alleged to have participat-

548

ed in the conspiracy. The record states: "The witness (appellant) denied that at any time he collected or took into his possession at any of the homes or premises of John and Jennie Buckhannon any money in any amount from any person."

After the appellant rested, the Government called Flora Moore as a witness in rebuttal. Over the objection of the appellant that it was not rebuttal, Flora Moore was permitted to testify that about the 8th day of June, 1936, at her home in East St. Louis, the appellant had extorted $15 from her under threat of arrest. At the close of her evidence, the appellant moved to strike it out as "not proper rebuttal". The motion was denied, and appellant then took the stand and testified that he had never taken money from Flora Moore, although he knew her and had arrested her and members of her family.

In view of the appellant's sole ground of objection to the evidence of Flora Moore, the only question which we are called upon to decide is whether it was prejudicial error to admit this evidence as rebuttal. Had the objection been that the evidence was not impeachment at all or was impeachment upon an immaterial and collateral matter or that it had no bearing whatever upon any of the issues in the case and was utterly incompetent, an entirely different question would have been presented. The sole question raised in the lower court, however, was whether the evidence could be received in rebuttal; and the ruling on that objection is all that is before us for review.

It is within the sound discretion of a trial court to admit evidence in rebuttal which should have been offered as a part of the main case, which discretion, in the absence of gross abuse, is not reviewable. Goldsby v. United States, 160 U.S. 70, 74, 16 S.Ct. 216, 40 L.Ed. 343; Miller v. United States, 8 Cir., 21 F.2d 32, 38, and cases cited.

Even though the evidence complained of was incompetent, its admission, over the objection made to it, would not justify a reversal in this case, where there was an abundance of competent evidence to sustain the verdict of the jury and the trial was in all other respects fair and impartial. Compare Hall v. United States, 8 Cir., 277 F. 19, 23; Trope v. United States, 8 Cir., 276 F. 348, 351; Miller v. United States, 8 Cir., 21 F.2d 32, 36-38;

certiorari denied 276 U.S. 621, 48 S.Ct. 301, 72 L.Ed. 735; Morgan v. United States, 8 Cir., 98 F.2d 473; opinion filed August 9, 1938.

The judgment is affirmed.