## LEEBY v. UNITED STATES.

### No. 14306.

United States Court of Appeals
Eighth Circuit.

Nov. 13, 1951.

C., in that he wilfully and knowingly attempted to defeat and evade a large part of the income tax due and owing by him to the United States of America by filing and causing to be filed with the Collector of Internal Revenue for the District of North Dakota, a false and fraudulent income tax return. The indictment involves the calendar years 1944, 1945 and 1946. The counts are substantially identical except as to the year covered and the amount of alleged income and income tax involved.

During the time here involved defendant operated a grocery store, a bakery and lunch counter and did some catering. For the year 1944 he reported an income of $6,217.62; for the year 1945 he reported an income of $8,149.00, and for the year 1946 he reported an income of $8,839.00. Government witnesses, based upon an examination of defendant's books in which his daily sales were recorded, his bank statements, check stubs and statements made to them by the defendant as to his earnings in the catering and bakery department, determined defendant's income for the year 1944 to be $21,128.89, for the year 1945 to be $27,157.27 and for the year 1946 to be $31,149.95. The total amount of income taxes for the three years as paid by defendant was $4,655.89, whereas the amount due according to the government's calculation was $31,372.51. From the records, statements, books and other information obtained from statements made by defendant and introduced in evidence, the government witnesses prepared certain exhibits. From the same sources the government witnesses prepared a statement of defendant's assets for the years 1942 to 1946, inclusive, which was signed by the defendant and is known in the record as Exhibit 58. Based upon the exhibits so prepared, the government witnesses, who were confessedly expert accountants, prepared a net worth computation and a determination of defendant's aggregate unreported income for the years involved. Defendant also offered a net worth statement. This statement omits from his income an item of $12,000.00 cash which defendant claimed to have saved over a period of twenty years and had refrained from depositing in the bank until May 6, 1946,

---

J. F. X. Conmy, Fargo, N. D. (Francis Murphy, Fargo, N. D., on the brief), for appellant.

P. W. Lanier, U. S. Atty., Fargo, N. D. (Joseph A. Struett and Marc A. White, Attorneys, Chief Counsel's Office, Bureau of Internal Revenue, Chicago, Ill., on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

GARDNER, Chief Judge.

Appellant was convicted on an indictment of three counts, each count charging a violation of Section 145(b), Title 26 U.S.

and certain other sums alleged to have been salvaged from his place of business and stock which had been damaged by fire. The details of these calculations we do not deem important for the reasons hereinafter noted.

At the close of the government's case defendant moved for a judgment of acquittal, which motion was denied and the case submitted to the jury on instructions to which defendant took certain exceptions but which are not here urged as grounds for reversal.

In seeking reversal defendant contends: (1) the court erred in admitting evidence as to income and claimed tax deficiency in 1942, 1943 and 1947, and in admitting testimony as to the filing by defendant of nontaxable returns for a period of years prior to the times involved in the indictment; (2) the court erred in overruling objections to the government's net worth summary and the government's receipts and disbursements summary on the ground that they were inaccurate and included years not covered by the indictment; (3) the court erred in permitting the government to use the net worth method when the receipts and disbursements method was also used; (4) the court erred in permitting testimony that the defendant had violated O.P.A. regulations and had been fined therefor; (5) the court erred in denying his motion for judgment of acquittal interposed at the close of the government's case.

▬ We shall first refer to the claim of error in denying defendant's motion for acquittal interposed at the close of the government's case. It is observed that after this motion was interposed and denied at the close of the government's case, defendant offered testimony and himself testified in his own behalf. He did not renew this motion at the close of all the evidence. Defendant was entitled to offer evidence in his defense notwithstanding the fact that he had interposed a motion for acquittal at the close of the government's testimony but by so doing he waived his objection to the ruling of the court in denying his motion and his right to allege this ruling as error, and defendant not having interposed a motion for judgment of acquittal at the

close of all the testimony, we cannot now consider the question of the sufficiency of the evidence to sustain the judgment and sentence of conviction. A careful review of the evidence, however, convinces that if the evidence admitted over defendant's objection was competent, the evidence was abundantly sufficient to sustain the verdict. The question therefore goes to the competency of the evidence, rather than to its sufficiency. There remains for consideration only the rulings of the court challenged by defendant as to the admissibility of evidence.

Over defendant's objection there was received in evidence testimony with reference to defendant's income during 1942 and 1943. There was also testimony that defendant filed non-taxable returns for the year 1940 and as far back as the year 1930. As to this testimony the court instructed the jury as follows: "With respect to the years prior to 1944, it is presumed that the defendant has complied with the provisions of the internal revenue laws and has filed a return and paid his income tax in each of those years when he had a net income subject to tax. Evidence that he did not file a tax return for any of those prior years or that he filed a nontaxable return may therefore be considered by you as an admission by him that he did not have a net income in excess of the amounts for which he would have been required by law to have filed an income tax return or paid a tax. In that connection, however, I caution you that the defendant is not charged with having violated the income tax law for any years other than for the three years mentioned in the indictment; namely, 1944, 1945 and 1946."

▬ In estimating defendant's income on the receipts and disbursements basis, or on the net worth basis, the witness considered the question of his income or want of income prior to 1944 and we think the testimony was admissible for that purpose and the court carefully limited it to that purpose. Hanson v. United States, 8 Cir., 186 F.2d 61; Schuermann v. United States, 8 Cir., 174 F.2d 397; Lisansky v. United States, 4 Cir., 31 F.2d 846, 67 A.L.R. 67; United States v. Skidmore, 7 Cir., 123 F.2d

604, 610. In the Skidmore case the trial court gave an instruction as follows: "With respect to the years prior to 1929, it is presumed that the defendant has complied with the provisions of the Internal Revenue Laws and has filed a return and paid his income tax in such of those years when he had a net income subject to tax. Evidence that he did not file a tax return for any of these prior years may therefore be considered by you as an admission by him that he did not have a net income in excess of the amounts for which he would have been required by law to have filed a tax return."

This instruction was approved by the appellate court. In the instant case the court made it very clear to the jury that the defendant was not charged with having violated the income tax law for any years other than those charged in the indictment. The mere fact that this evidence may have pointed to the laxities or offenses is not important if the evidence was pertinent to the issues involved in the instant case. We think the trial court in its instructions pointed out the basis for the admission of this testimony and the limited purpose for which it should be considered by the jury. It was contended by defendant that he had no intention to evade the income taxes, implying that if there was any violation it was inadvertent. His returns for prior years would have some bearing on the question of his intent and also his credibility in testifying that he had not intended to underestimate his income. In Neff v. United States, 8 Cir., 105 F.2d 688, 692, in considering a somewhat similar contention we said: "Questions as to the admissibility of this class of evidence are within the wise discretion of the trial court and its rulings as to the same should not be interfered with by a reviewing court unless it is clear that the questioned evidence has no connection or bearing upon any of the issues involved in the charge. In view of the facts and circumstances disclosed by the record in this case, and the clear and unambiguous instructions of the trial court as to the limited purpose of the evidence, and restricting its effect solely to the question of intent, in our opinion, there was no abuse of discretion on the part of the trial court in the admission of the challenged testimony."

Certainly in view of what is said by us in Hanson v. United States, supra, there was no abuse of discretion in admitting this testimony.

It is next urged that the court erred in overruling defendant's objection to the government's use of the net worth summary when it had offered a summary of receipts and disbursements. The government's calculations were based upon the receipts and disbursements method and it submitted in corroboration the net worth summary. The net worth computations were based upon a balance sheet which the government auditors prepared and which the defendant himself signed. The defendant offered in evidence a summary purporting to show his net worth and this summary corroborated to a considerable extent the summary offered by the government. It differed in that the defendant eliminated certain assets confessedly acquired but claimed by him not properly taxable as income. The testimony offered by him in support of this contention, however, was not conclusive on the jury. Defendant insisted that the government's exhibits were inaccurate because they did not take into account either bills payable or bills receivable. They were prepared, however, on the cash basis and there is nothing to indicate that defendant had adopted the accrual basis of accounting; in fact, so far as he was guided by any acceptable method of calculating income that method was the cash basis as distinguished from the accrual basis. It must be borne in mind that this was not an action to recover the amount of income taxes alleged to be due, nor an action in which it was necessary to determine the exact amount of defendant's income for the years in question. On this phase of the case all that it was necessary to show was that there was omitted from the reported income a substantial amount. The calculations here were based upon such records and statements as defendant made available, and as said by the Court of Appeals for the Sixth Circuit in Gariepy v. United States, 189 F.2d 459, 462: "At best it was, of

course, but an estimate, but as an estimate it was entitled to the consideration of the jury because based on substantially the entire evidence in the record."

■ The accuracy of the government's computations of income based on the receipts and disbursements method is corroborated by the fact that the amount of income as determined by that method is substantially the same as determined by the government's net worth calculation. But we are not here dealing with the weight or conclusiveness of the evidence but rather to its admissibility and we think it was competent to permit the government to submit its estimates of income based upon the two methods invoked as the basic facts of both calculations were all before the jury. Hanson v. United States, supra.

■ It is seriously urged that the defendant was prejudiced by the ruling of the court admitting reference to the fact that defendant had been fined for violation of the O.P.A. regulations. When the government's auditors were checking defendant's accounts defendant advised that he had had difficulties with the O.P.A. and had been required to deposit a bond of $1,000.00 and that he had to pay certain fines so that there was but $600.00 returned to him. These transactions had to be accounted for in the net worth statement as well as in the receipts and disbursements statement. In the receipts and disbursements statement the $600.00 was shown as a credit against the total deposits. In the net worth statement the fines paid were set up as an unallowable expense. Defendant's counsel in cross-examining one of the government's expert witnesses, brought out the fact that the exhibit prepared by him showed a gross profit in excess of 50 per cent whereas the grocer's mark-up cost had a range of from 15 to 21 per cent. In this connection we think it was proper to show that the defendant had been charging more than the ordinary or accepted gross profit on his sales and in that connection the government was permitted to show that the defendant had been selling at a price exceeding the ceiling price. There was no abuse of discretion in admitting this testimony especially in view of the instruction of the court that the defendant was being tried only for the charges contained in the indictment. Harper v. United States, 8 Cir., 143 F.2d 795; Neff v. United States, supra; Diehl v. United States, 8 Cir., 98 F.2d 545, 548. In the last cited case we said: "Even though the evidence complained of was incompetent, its admission, over the objection made to it, would not justify a reversal in this case, where there was an abundance of competent evidence to sustain the verdict of the jury and the trial was in all other respects fair and impartial."

Convinced as we are that the defendant had a fair trial the judgment appealed from is affirmed.