Fay **HEASLEY**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 15091.

United States Court of Appeals, Eighth Circuit.

Jan. 13, 1955.

1946, 1947 and 1948 respectively. He was acquitted on Count IV of the indictment which charged him with a similar offense for the year 1949. We shall refer to appellant as defendant. During the times here involved defendant was a farmer and carried on extensive farming operations in North Dakota. He claims to have kept no books of account or record of his farming operations or financial transactions. In his income tax return for the year 1946 he reported $317.00 as tax due and owing; for the year 1947 he reported $150.50 as tax due and owing; and for the year 1948 he reported $240.00 as tax due and owing. It was charged in the indictment that there was in fact justly due and owing for the year 1946 the sum of $12,007.45; for the year 1947 the sum of $19,093.14; and for the year 1948 the sum of $27,518.36. In the absence of any books of account the government attempted to prove the allegations of the indictment by the receipts and disbursements method and by the so-called net worth method. It was the contention of defendant that he had only a grade school education, that he had no knowledge of methods or systems of accounting or of the requirements of the revenue laws, that for the various years involved he had turned over all the records he had covering each year's business to John Schoonover, an expert accountant, and that he had relied upon Schoonover to prepare his tax returns and that the returns which he signed were prepared by Schoonover and believed by defendant at the time they were made to be substantially correct. As Mr. Schoonover had prior to the time of trial died it was not possible to secure his testimony.

The counts of the indictment are identical except as to the period involved and amounts of income and tax designated therein. Count I may be taken as typical. It reads as follows:

"That on or about the 10th day of February, 1947, at Fargo, in the District of North Dakota, one Fay Heasley, late of Eldridge, North Dakota, did willfully and knowingly

---

Francis Murphy, Fargo, N. D., was on the brief, for appellant.

Ralph B. Maxwell, Asst. U. S. Atty., Fargo, N. D. (Robert Vogel, U. S. Atty., Garrison, N. D., was with him on the brief), for appellee.

Before GARDNER, Chief Judge, and JOHNSEN and COLLET, Circuit Judges.

GARDNER, Chief Judge.

Appellant was convicted on three counts of an indictment which charged him with willfully and knowingly attempting to defeat and evade a large part of his Federal income taxes for the years

attempt to defeat and evade a large part of the income tax due and owing by him to the United States of America for the calendar year 1946, by filing and causing to be filed with the Collector of Internal Revenue for the Internal Revenue Collection District of North Dakota, at Fargo, North Dakota, a false and fraudulent income tax return wherein he stated that his adjusted gross income for said calendar year was the sum of $4,071.03 and that the amount of tax due and owing thereon was the sum of $317.00, whereas, as he then and there well knew, his adjusted gross income for the said calendar year was the sum of $31,563.58, upon which said adjusted gross income he owed to the United States of America an income tax of $12,007.45."

In due course defendant interposed a motion to dismiss the indictment on the grounds that "the said Indictment and each and every count thereof fails to set forth or describe a public offense as defined by the laws of the United States, in that the Internal Revenue Act in force at the times set forth in the various counts in said Indictment required the payment of tax only upon net incomes of individuals and that said Indictment and each and every count thereof wholly fails to allege that the said defendant did not during the times mentioned in each of said counts actually return and pay a proper amount upon his net income for each of the years involved." The motion was denied. At the close of the government's testimony and again at the close of the entire case defendant interposed a motion for judgment of acquittal on the grounds that "there is a variance between the indictment and the proof offered in that the Government's indictment charges an evasion of adjusted gross income tax for the four years involved and for the further reason that the testimony offered in behalf of the Government is based in substantial measure upon opinion or conjecture and asked this jury to arrive at a conclusion in a substantial measure based upon such opinion or conjecture on the part of the Government's witnesses." Both motions were denied and the case was sent to the jury by the court on instructions to which the defendant saved certain exceptions to be hereinafter noted. The jury as hereinbefore observed found the defendant guilty on Counts I, II and III and not guilty on Count IV. On the verdict thus returned the court entered judgment and sentence of imprisonment for a period of three years on each count, the sentences to run concurrently.

Defendant seeks reversal of the judgment and sentence thus imposed on substantially the following grounds:

1.  The trial court erred in refusing to dismiss the indictment.

2.  The trial court erred in receiving in evidence government's exhibit 82—net worth summarization.

3.  The trial court erred in denying the motion for judgment of acquittal at the close of the government's case and at the close of the entire case.

4.  The trial court erred in instructing the jury in effect that the charge of fraudulent report of adjusted gross income was a sufficient basis for determining whether or not an attempt had been made to evade a tax.

The sufficiency of the indictment is challenged because it includes a charge that the defendant in his income tax returns willfully and knowingly understated the amount of his adjusted gross income, it being argued that the amount of taxes due from a taxpayer is not depended upon the amount of his adjusted gross income but such tax is levied upon his net income.

■ The indictment embodies the words of the statute and ordinarily an indictment for a statutory offense is sufficient where the charge is made in the words of the statute. The defendant is charged with a willful and fraudulent attempt to defeat and evade a large part of his income tax by understating his adjusted gross income. The indictment would have been good had it not embodi-

ed the additional charge or information as to the manner in which the evasion was attempted. Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides that:

"The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. It shall be signed by the attorney for the government. It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement. Allegations made in one count may be incorporated by reference in another count. It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that he committed it by one or more specified means. The indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice."

■■ This indictment specifically informed the defendant of the time of the commission of the alleged offense, of the place of its commission, of the method by which he was alleged to have committed it, and it informed him as to what amount he paid and the amount which he should have paid. Had defendant desired further information he could have asked for a bill of particulars and the fact that the indictment informed him of the amount reported by him as his adjusted gross income and the amount of his actual adjusted gross income did not, we think, impair its validity nor make it vulnerable to the charge of indefiniteness and uncertainty. From the facts stated the court could say that there was an income tax due from the

defendant to the government and the defendant was definitely advised as to the amount of income tax unpaid. We think the allegations of the indictment fully satisfied the requirements of Rule 7(c) of the Federal Rules of Criminal Procedure and informed defendant of the nature and cause of the accusation against him within the meaning of all Constitutional provisions. Cochran and Sayre v. United States, 157 U.S. 286, 15 S.Ct. 628, 39 L.Ed. 704; Risken v. United States, 8 Cir., 197 F.2d 959; Cave v. United States, 8 Cir., 159 F.2d 464; Hewitt v. United States, 8 Cir., 110 F.2d 1; Capone v. United States, 7 Cir., 56 F.2d 927; Guzik v. United States, 7 Cir., 54 F.2d 618; United States v. Rosenblum, 7 Cir., 176 F.2d 321; Himmelfarb v. United States, 9 Cir., 175 F.2d 924. In Hewitt v. United States, supra, quoting from Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861, the requisites of an indictment are thus stated [110 F.2d 5]:

" 'The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." ' "

We think this indictment clearly advised the defendant of the facts constituting the offense with which he was charged and a conviction or acquittal would be a bar to a further prosecution for the same offense.

As the defendant produced no books or records reflecting his farming operations or financial transactions government accountants attempted to ascertain the extent of his income by the so-called net worth method. The results of their computation was embodied in what is referred to as a summarization identi-

fied as exhibit 82. When the exhibit was offered in evidence it was objected to on the ground that proper foundation had not been laid and that it was incompetent and immaterial because it purported to show the adjusted gross income of defendant for the years in question. Defendant signed and swore to a statement identified as exhibit 11 which reflected his net worth as of January 1, 1944. As to this statement he said in part as follows:

"I, Fay Heasley, hereby certify that the above list of assets and liabilities constitutes a true and complete list of my holdings and of my debts as at January 1, 1944. I certify that at that date I had no other assets and no other liabilities. The above figure regarding cash represents the amount on deposit at the National Bank of Jamestown in my checking account and I certify that I had no other cash in any bank, at home, or at any other place. Again, the above list is a true and complete picture of my financial standing as at January 1, 1944."

■ This definitely fixed a starting point from which the government accountants prepared exhibit 82 showing defendant's net worth for the years 1946, 1947, 1948 and 1949. It is argued that the corpus delicti may not be proven alone by extra-judicial statements. This contention is doubtless correct but the weakness of this argument is that it goes to the weight or sufficiency of the evidence and not to its competency. In the cases relied upon by defendant the question was not as to the admissibility of the testimony but as to its sufficiency to prove the corpus delicti. The government in the instant case does not rely on this testimony alone as proof of the corpus delicti. It is relied upon as corroborative of the facts sought to be established by the testimony as to defendant's receipts and disbursements for the years in question. Whether or not the testimony standing alone would be sufficient to establish the guilt of the defendant is not the test of its admissibility. We have consistently approved the use of the so-called net worth method of determining taxable income in conjunction with the receipts and disbursements method. Schuermann v. United States, 8 Cir., 174 F.2d 397; Hanson v. United States, 8 Cir., 186 F.2d 61; Olson v. United States, 8 Cir., 191 F.2d 985; Leeby v. United States, 8 Cir., 192 F.2d 331. There was no error in admitting exhibit 82.

■ By his motion for acquittal interposed at the close of the case defendant laid the basis for challenging the sufficiency of the evidence. As the jury found the defendant guilty the evidence must be viewed in a light most favorable to the government. The government's proof of receipts and disbursements by the defendant for the years involved showed the amount of taxes due and evaded as charged in the indictment. If this evidence was competent it abundantly sustained the verdict returned. The probative value and admissibility of this character of testimony cannot well be questioned. As we have pointed out in Leeby v. United States, supra, and Hanson v. United States, supra, the offense here is not one requiring exact proof as to the amount of net income evaded but whether or not the defendant attempted to evade a substantial amount of net income tax. Thus in Leeby v. United States, supra [192 F.2d 334], we said:

"It must be borne in mind that this was not an action to recover the amount of income taxes alleged to be due, nor an action in which it was necessary to determine the exact amount of defendant's income for the years in question. On this phase of the case all that it was necessary to show was that there was omitted from the reported income a substantial amount."

■ We conclude that there was no error in denying defendant's motion for

acquittal on the ground of the insufficiency of the evidence.

 It remains to consider the contention of defendant that the court erred in its instructions to the jury particularly in its instruction with reference to the adjusted gross income. It is somewhat difficult to gather from the objections made just what counsel had in mind but apparently he did not wish to be in the position of having waived his objection to the indictment. This is manifest from the following part of his objection:

"What I am objecting to is the Court's approval of the method of drawing the indictment."

We have already considered the question of the sufficiency of the indictment. What the court said in its instructions with reference to the adjusted gross income is followed by a clear statement as to what are the essential elements of the offense as charged. The instruction reads in part as follows:

"The computation of an adjusted gross income is an essential step toward arriving at a net taxable income upon which the tax which the defendant should pay is computed. Consequently, if the adjusted gross income is incorrectly stated, it then follows that the net income which is derived therefrom would also be incorrect. Adjusted gross income is, roughly speaking, the defendant's profit from his business operations. It is arrived at through deducting from his entire income the cost of doing business. When that figure is arrived at, that is, the adjusted gross income, then the net income is ascertained by subtracting therefrom certain deductions allowed by law. The tax which the defendant must pay is computed from the net taxable income, which must be arrived at through subtracting the exemptions from the net income. Therefore, if the net income is wrong, any subsequent figure based thereon must be wrong. The law requires the defendant to pay an income tax on his net taxable income only, so it follows that in this case the burden is upon the Government to establish to your satisfaction beyond a reasonable doubt the amount of the defendant's net taxable income in each of the years involved in the indictment, and that the defendant has willfully and knowingly substantially failed to make a true report and that he has done so for the purpose of defeating or evading payment of the correct tax."

We think the jury was correctly instructed and that the defendant was accorded a fair trial. The judgment appealed from is therefore affirmed.