**UNITED STATES of America,**
Plaintiff,

v.

**Fay HEASLEY, Selma Heasley, James-town National Bank, Bob Hendrix, Arley Herr, Paul Heasley, Stutsman County Implement Co., Inc., Midwest Motors, State of North Dakota, Defendants.**

Civ. No. 3602.

United States District Court
D. North Dakota,
Southeastern Division.

March 6, 1959.

John J. McCarthy, U. S. Dept. of Justice, Washington, D. C., and Robert Vogel, U. S. Atty., Fargo, N. D., for plaintiff.

Elmo T. Christianson, Cavalier, N. D., for defendant, Fay Heasley.

George E. Duis, Fargo, N. D., for defendants, Selma Heasley, Bob Hendrix, Arley Herr and Paul Heasley.

Herman Weiss, Jamestown, N. D., for the receiver, Henry W. Anderberg.

RONALD N. DAVIES, District Judge.

This action was brought to foreclose liens of the United States of America against all properties and rights of properties of the defendant Fay Heasley, and for personal judgment against him arising out of Fay Heasley's income tax indebtedness to the Government.

The Government also petitioned for the appointment of a receiver to take charge and custody of all properties and rights of property of the defendant Fay Heasley. After hearing upon an order to show cause one Gordon Widdifield was appointed receiver, but subsequently at his own request was discharged and one Henry W. Anderberg was appointed in his stead and is still functioning in that capacity.

After the appointment of the first receiver and incident to these proceedings, an order to show cause why they should not be punished for contempt of court for failure and refusal to obey a Court order was directed to the defendants, Fay Heasley, Bob Hendrix and Arley Herr. The Court fixed bail at $5,000 for each defendant, and the total of $15,000 is on deposit with the Clerk of this court. This facet of the case remains undisposed of and is set out here since the ownership of the bail money is an issue in this case.

Some factual background is necessary to a clear understanding of what is involved here. The defendant, Fay Heasley, was indicted, tried to a jury and convicted of income tax evasion in having made fraudulent understatement of his tax liabilities. His conviction was affirmed by the United States Court of Appeals for the Eighth Circuit, 218 F.2d 86. Selma Heasley is Fay Heasley's wife; Paul Heasley is Fay Heasley's son; Bob Hendrix and Arley Herr (also known as Arley Heer) are Fay Heasley's sons-in-law.

Upon the trial of the matter it was stipulated and agreed that the amount due on the federal income tax liabilities of Fay Heasley for the calendar years, 1944, 1945, 1946, 1947, 1948 and 1949, respectively, with statutory penalties and interest was $198,198.92 as of December 29, 1958, with interest accruing thereon at the rate of $25.22 each day since that date.

Undisputedly, the District Director of Internal Revenue at Fargo, North Dakota, on February 18, 1954, made demand upon the defendant, Fay Heasley, for payment of income taxes then alleged to be due and owing, and undisputedly, the District Director duly and properly filed notice of tax liens in Stutsman County, North Dakota, on February 24, 1958, as provided by Section 3672, Internal Revenue Code of 1939, 26 U.S.C.A. § 3672 (Government Exhibits 1, 2, 3, 4, 5, 6 and 14).

In the years intervening from the date of the filing of the tax liens to the date hereof, there unfolds the story of a convicted tax evader seeking to avoid payment of his income taxes, interest and

penalty, only to concede in the Tax Court of the United States at St. Paul, Minnesota, on October 15, 1958, that he owed precisely the amount claimed by the Commissioner of Internal Revenue.

Upon the trial the Government claimed that legal title to the following described real property in Stutsman County, North Dakota, was in the defendant Fay Heasley, and subject to the tax lien:

NW ¼, NE ¼ & SE ¼ of Section 12, Township 138, Range 66

Section 13, Township 138, Range 66

SE ¼ of Section 23, Township 138, Range 66

Section 24, Township 138, Range 66

NE ¼ of Section 25, Township 138, Range 66

NW ¼ & SW ¼ of Section 7, Township 138, Range 65

NW ¼ & SW ¼ of Section 18, Township 138, Range 65

NW ¼ of Section 19, Township 138, Range 65

NE ¼ & SE ¼ of Section 30, Township 138, Range 65

NE ¼ & NW ¼ of Section 32, Township 138, Range 65

The Government further contended that legal title to the following real property in Stutsman County, North Dakota, was in Fay Heasley and Selma Heasley as joint tenants and that the tax liens attached to Fay Heasley's interests therein:

SW ¼ & SE ¼ of Section 19, Township 138, Range 65

NW ¼ of Section 30, Township 138, Range 65

Paul Heasley, Bob Hendrix and Arley Herr claimed certain of the described lands which are in Fay Heasley's name as their own by virtue of either oral conveyance or some sort of trust, as to which the evidence was not only vague but indefinite and inconclusive as well.

It is worthy of note that, upon the trial of this matter, the claims of Paul Heasley, Arley Herr and Bob Hendrix to cer-tain of Fay Heasley's lands differed from the claims made in their petition for adjudication of claims and were at variance with the claims they asserted in their answers herein. These three claimants, not only varied the descriptions of realty shown to be in the name of Fay Heasley to which they laid claim, but they were inconsistent in the several bases for their respective claims. These claims were variously referred to as "promises to convey," "leases," "contracts for sale," and "trust agreements."

In no particular did any of these claiming defendants establish either a legal or an equitable right to ownership of any of the realty they here seek which is titled in Fay Heasley, or in which Fay Heasley has an interest, as would defeat the lien rights of the United States Government thereon.

Even if the evidence had established an oral agreement between Fay Heasley and Paul Heasley, and between Fay Heasley and Bob Hendrix, and between Fay Heasley and Arley Herr to convey or to hold certain lands in trust, any such alleged agreements are void under the North Dakota statute of frauds.

North Dakota Revised Code of 1943, Chapter 47, Section 1001 provides:

"Method of Transfer. An estate in real property, other than an estate at will or for a term not exceeding one year, can be transferred only by operation of law or by an instrument in writing, subscribed by the party disposing of the same or by his agent thereunto authorized by writing. This does not abridge the power of any court to compel the specific performance of any agreement for the sale of real property in case of part performance thereof."

From the foregoing citation it will be noted that the Statute does not abridge the power of the Court to compel specific performance of any agreement for the sale of real property in case of a part performance thereof. In the case at bar the evidence discloses no part performance on the part of Bob Hendrix,

Arley Herr or Paul Heasley of any validity whatsoever. These three men then seek refuge in a claim of implied trusts for their benefit. It is well settled that to establish an implied or resulting trust by parol, the evidence must be clear, convincing, unquestionable and certain. Johnson v. Umsted, 8 Cir., 64 F.2d 316; Bowmaster v. Carroll, 8 Cir., 23 F.2d 825.

■ In the instant case the evidence was not clear, it was unconvincing, it was questionable and assuredly it was uncertain. Neither is there any adequate evidence or proof of a constructive trust.

In this lawsuit the defendant Paul Heasley, together with Bob Hendrix and Arley Herr lay claim, not to just *part* of the 1958 crops grown on Fay Heasley's lands, but to *all* of the crop. To sustain this position the three must necessarily have had some sort of a leasehold agreement with Fay Heasley. Even a cursory examination of the evidence touching upon the 1958 crops shows the absence of any tenancy at will and clearly shows there existed no agreement of any kind for any definite term, or upon any definite conditions.

If the testimony of the family is to be believed, the farming operation of Fay Heasley and his family was a cooperative venture in which crops were commingled and a family council determined a fair division of the crops. The "family" was the manager of the farm and the defendant, Fay Heasley, was the "assistant manager" according to Fay Heasley's testimony. The fabric of this ill-conceived and thinly veiled effort to divest Fay Heasley of his property rights in the 1958 crop was ripped to shreds by the Government's cross examination.

The Court recognizes that Paul Heasley, Hendrix and Herr may well be entitled to compensation for work, labor and perhaps materials furnished in the sowing and reaping of the 1958 crops, and any claim filed by them with the receiver for Fay Heasley will be heard by the Court as promptly as circumstances permit. The Court believes that under the circumstances of this lawsuit Fay Heasley employed Paul Heasley, Bob

Hendrix and Arley Herr. No other conclusion is tenable.

■ With respect to the farm machinery and equipment listed and described under personal property, Paragraph B, in the inventory filed by the receiver in this court, which instrument is dated September 18, 1958, the evidence clearly shows title to be in the defendant, Fay Heasley, excepting only the described John Deere grain elevator which is the property of Paul Heasley.

■ We turn now to a contention by the defendant, Selma Heasley, that she owned the 49 head of cattle on Fay Heasley's farm. Her evidence indicates that upon her marriage her parents gave her a cow and a calf, and upon the tenuous basis that this gift made in 1923 produced the present herd, lays claim to the 49 head as progeny of the original cow and calf. This is so in spite of the fact that Fay Heasley was listed as the owner of the cattle in the Stutsman County assessor's report as late as 1956 and 1957 (Government Exhibits 11 and 12) and in spite of the fact that in Fay Heasley's federal tax returns for 1944 to 1949, inclusive, he claimed the income from the cattle as his own (see Government's Exhibits 53 to 58, inclusive). Moreover, the defendant, Selma Heasley, had never filed a federal income tax return until she filed one jointly with Fay Heasley in 1950. It is apparent to this Court that the 49 head of cattle at all times were and still are the property of Fay Heasley to which the Government's tax lien has attached.

■ Heretofore reference has been made to the $15,000 cash bond on deposit with the Clerk of this court. Of that sum $11,000 was advanced by Fay Heasley's daughter, Pearl Hendrix; and that exact sum reached Pearl Hendrix by way of a check from the defendant, Selma Heasley, drawn on an account she had jointly with Fay Heasley. The evidence is overwhelming that the $11,000 was the property of the defendant, Fay Heasley, and that it is impressed with the Government's tax liens outstanding against him. The Court is also satisfied that the re-

maining $4,000 was the property of Bob Hendrix.

■ Section 6321 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6321 provides that at the date of assessment the amount of tax due shall be a lien on all of the taxpayer's property. The assessment and demand here were made February 18, 1954. From that date the Government tax liens attached and encumbered all property owned by Fay Heasley and attached to any property later acquired by him. See Glass City Bank of Jeanette, Pa. v. United States, 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56. It will be remembered, of course, that in the instant case the Court, upon application and hearing, discharged two liens in the interests of justice.

■ One remaining question is to be dealt with: Is Selma Heasley's homestead exemption effective as against a federally created tax lien? This Court thinks not. That United States Courts have the last word in federal tax lien matters is basic. United States v. Acri, 348 U.S. 211, 75 S.Ct. 239, 99 L.Ed. 264.

■ The Congress of the United States created the federal tax lien, and such liens cannot be affected by state legislatures without the consent of the Congress. United States v. Snyder, 149 U.S. 210, 13 S.Ct. 846, 847, 37 L.Ed. 705. The several states cannot carve out homestead exemptions from the effect of the federal tax lien. United States v. Heffron, 9 Cir., 158 F.2d 657. It is readily seen, therefore, that Selma Heasley may not claim any homestead right in Fay Heasley's property until and unless the federal tax liens outstanding against Fay Heasley are fully paid and satisfied, or in some manner settled by compromise.

The foregoing shall be considered the Court's findings of fact, and therefrom the Court makes the following

### Conclusions of Law

1. That plaintiff has valid and subsisting liens securing its federal income tax assessments upon all of the property owned by the defendant, Fay Heasley, on February 18, 1954, and upon all property acquired by Fay Heasley after that date including $11,000 of the $15,000 cash bond on deposit with the Clerk of the court, the 49 head of cattle referred to, the farm machinery and equipment listed under personal property in Paragraph B of the receiver's inventory dated September 18, 1958, and filed with this Court (excepting only the John Deere grain elevator which is the property of Paul Heasley), the grain described and listed under personal property, Paragraph C, in the receiver's inventory dated September 18, 1958, as amended September 19, 1958, and including the following real property situate in Stutsman County, North Dakota:

NW ¼, NE ¼ & SE ¼ of Section 12, Township 138, Range 66

Section 13, Township 138, Range 66

SE ¼ of Section 23, Township 138, Range 66

Section 24, Township 138, Range 66

NE ¼ of Section 25, Township 138, Range 66

NW ¼ & SW ¼ of Section 7, Township 138, Range 65

NW ¼ & SW ¼ of Section 18, Township 138, Range 65

NW ¼ of Section 19, Township 138, Range 65

NE ¼ & SE ¼ of Section 30, Township 138, Range 65

NE ¼ & NW ¼ of Section 32, Township 138, Range 65

2. That from the personal property described in Paragraph 1 of these conclusions of law, the Court should specifically exempt attachments of lien on one Dodge, two-door station wagon upon which plaintiff's lien was discharged by Court order dated September 6, 1958, and also on the four tractors, drill, two disk tillers and three plows upon which plaintiff's lien was discharged by Court order dated September 17, 1958.

3. That Paul Heasley, Bob Hendrix and Arley Herr are not beneficiaries of any express, implied or constructive trust with respect to any real property any-

where mentioned or described in this lawsuit.

4. That neither Paul Heasley nor Bob Hendrix nor Arley Herr have any valid contract with Fay Heasley or Selma Heasley whereby they are entitled to a conveyance of any of the real property mentioned or described in this lawsuit.

5. That neither Paul Heasley nor Bob Hendrix nor Arley Herr have any valid lease or contract entitling them or any of them to any part of the crops grown in 1958 on any of the lands mentioned or described in this lawsuit.

6. That the plaintiff has valid liens securing its federal income tax assessments upon the defendant, Fay Heasley's undivided one-half interest in the SW ¼ and the SE ¼ of Section 19, Township 138, Range 65, and the NW ¼ of Section 30, Township 138, Range 65, all in Stutsman County, State of North Dakota.

7. That the federal tax lien of the plaintiff which encumbers the real property described in Paragraph 1 of these conclusions of law is paramount and senior to any homestead rights of the defendant, Selma Heasley, and senior to the claim of any other defendant in this action.

8. That the federal tax lien of the plaintiff which encumbers the defendant, Fay Heasley's undivided one-half interest in the real property described in Paragraph 6 of these conclusions of law is paramount and senior to any homestead rights of the defendant, Selma Heasley, and senior in priority to the claim of any other defendant in this action.

9. That the plaintiff is entitled to have the real property described in Paragraph 1 of these conclusions of law sold by the receiver and the proceeds applied toward satisfaction of the federal income tax liabilities outstanding against the defendant, Fay Heasley.

10. That the plaintiff is entitled to have the real property described in Paragraph 6 of these conclusions of law sold by the receiver and one-half of the proceeds thereof applied toward the satisfaction of the federal income tax liabilities outstanding against the defendant, Fay Heasley.

11. That the plaintiff's liens which encumber the properties, real and personal, mentioned and described in this litigation are paramount and senior in priority to the claim of any other defendant in this action.

12. That the plaintiff is entitled to judgment against the defendant, Fay Heasley, in the sum of $198,198.92 plus interest computed at $25.22 per day from December 29, 1958, until the date of entry of judgment herein and thereafter according to law, together with plaintiff's costs.

A form of judgment in accordance herewith will be prepared by the attorneys for the United States.

Let judgment be entered accordingly.