Fay **HEASLEY**, Appellant,

v.

Ronald N. **DAVIES**, Appellee.

Selma **HEASLEY**, Appellant,

v.

George A. **REGISTER**, Appellee.

Nos. 17861, 17862.

United States Court of Appeals
Eighth Circuit.

March 22, 1965.

Jack I. Gaither, Tulsa, Okl., for appellant.

Lawrence R. Schneider, Cleveland Hts., Ohio (John W. Douglas, Asst. Atty. Gen., John M. Imel, U. S. Atty., and Morton Hollander, Washington, D. C., with him on the brief), for appellee.

Before LEWIS and SETH, Circuit Judges, and DAUGHERTY, District Judge.

O. S. Gunderson, Christine, N. D., made argument for appellants and filed brief.

John O. Garaas, U. S. Atty., Fargo, N. D., made argument for appellees and filed briefs.

Before VAN OOSTERHOUT, MATTHES and MEHAFFY, Circuit Judges.

PER CURIAM.

This is another chapter in the story of the Heasley litigation which developed as the result of the failure of Fay Heasley to pay federal income tax liabilities for the years 1944 through 1949. The Heasleys eventually lost their farm in North Dakota through foreclosure of the tax lien. For background information see United States v. Heasley, 170 F.Supp. 738 (N.Dak.1959), appeal dismissed 272 F.2d 947 (8 Cir. 1959); United States v. Heasley, 283 F.2d 422 (8 Cir. 1960); Heasley v. United States, 312 F.2d 641 (8 Cir. 1963).

These separate actions were filed in two state courts of North Dakota against The Honorable Ronald N. Davies and The Honorable George A. Register, United States District Judges for the District of North Dakota.[1] Fay Heasley sought

damages from Judge Davies in the amount of $100,500. Selma Heasley claims she was damaged $400,000, and prayed for judgment in that amount against Judge Register. Both actions were timely removed to the United States District Court for the District of North Dakota pursuant to 28 U.S.C.A. § 1442. Thereafter, The Honorable Henry N. Graven, Senior District Judge, of Iowa, was assigned to hear both cases. Motions for summary judgment were filed on behalf of Judges Davies and Register and after hearing thereon, were sustained on the ground that the doctrine of judicial immunity barred plaintiffs' right to recover and that the defendants were entitled to judgment as a matter of law. From the judgments dismissing the complaints with prejudice plaintiffs appealed. Judge Graven was correct in applying the doctrine of judicial immunity and we affirm.

*No. 17,861*

In May, 1962, Judge Davies found that Fay Heasley had violated the terms of an injunction order previously entered by the United States District Court for the District of North Dakota, adjudged Heasley guilty of contempt and sentenced him to imprisonment for a term of eighteen months. On appeal we found, in effect, that the injunction had become *functus officio* at the time Heasley had committed the acts which formed the basis for the contempt proceeding, and reversed the judgment. Heasley v. United States, supra, 312 F.2d 641. Heasley was at liberty on bail pending his appeal from the contempt conviction and served no part of the sentence that had been imposed upon him.

Heasley predicates this action on the theory that Judge Davies acted "beyond the border of his jurisdiction" in the contempt proceeding; that he caused Heasley to be falsely imprisoned and to suffer damages in the amount above stated.

---

1. The Fay Heasley suit against Judge Davies was filed in the District Court of the First Judicial District, Cass County; the Selma Heasley suit against Judge Register was filed in the District Court of the Fourth Judicial District, Burleigh County.

Nearly a century ago (1871) the Supreme Court of the United States held that Judges are immune from suit arising out of their judicial acts, without regard to the motives with which their judicial acts are performed, and notwithstanding such acts may have been performed in excess of jurisdiction, provided there was not a clear absence of all jurisdiction over the subject matter. Bradley v. Fisher, 13 Wall. 335, 80 U.S. 335, 357, 20 L.Ed. 646. This principle was enunciated again in Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959) and was applied in Brictson v. Woodrough, 164 F.2d 107 (8 Cir. 1947), cert. denied 334 U.S. 849, 68 S.Ct. 1500, 92 L.Ed. 1772 (1948); Ryan v. Scoggin, 245 F.2d 54, 58 (10 Cir. 1957), where numerous cases are cited; Meredith v. Van Oosterhout, 286 F.2d 216 (8 Cir. 1960), cert. denied 365 U.S. 835, 81 S.Ct. 749, 5 L.Ed.2d 745 (1961); Sires v. Cole, 320 F.2d 877 (9 Cir. 1963).

Heasley's complaint does not allege that Judge Davies acted in clear absence of all jurisdiction over the subject matter. Moreover, such an allegation would, under the facts of the situation, be futile, and the complaint is not subject to a corrective amendment. We need not elaborate on or explain our opinion forming the basis for our reversal of the contempt proceeding, supra, 312 F.2d 641. It speaks for itself. For the purposes of this opinion, it is sufficient to say that such reversal was premised on the finding that the injunction became ineffective on the entry of the final decree in the "tax-lien-receivership proceeding" and that in finding Heasley in violation of the injunction order the court acted "in excess" of its jurisdiction. The opinion does not hold expressly or by implication that there was a clear absence of jurisdiction, hence Judge Davies' judicial action, though reversed on appeal, plainly falls within the immunity doctrine.

### No. 17,862

Selma Heasley is the wife of Fay Heasley. Her complaint alleges that Judge Register, acting without jurisdiction, issued a restraining order against her and The Honorable M. C. Fredricks, a State Judge, enjoining them from proceeding further in an action which Selma Heasley had filed against Arvel Glinz and Marjorie Glinz in the North Dakota District Court, Fourth Judicial District, seeking to quiet title to certain real estate in North Dakota. The Glinz action was removed to the United States District Court for the District of North Dakota. Selma's motion to remand was denied, and in June, 1961, the United States District Court, Judge Davies, on motion of the Government, dismissed the action. No appeal was taken from the judgment of dismissal.

In February, 1963, Selma, through her then attorney, attempted to procure entry of a default judgment by the state court in the action that had been removed to the federal court. It was at this juncture that Judge Register issued a temporary restraining order. On March 8, 1963, after a hearing upon proper notice, Judge Register entered an order permanently restraining and enjoining Judge Fredricks and Selma Heasley from proceeding further in the action. The appeal taken from this judgment was dismissed on motion of the appellees. Heasley v. Glinz, 321 F.2d 544 (8 Cir. 1963).

Appellant's contention that Judge Register acted without jurisdiction in enjoining further proceedings in the state court action is devoid of any merit. Manifestly, the Heasley v. Glinz case had properly been removed to the United States District Court. In that posture, the federal court, in aid of its jurisdiction, was authorized to grant the injunction to stay the state court proceedings. 28 U.S.C.A. § 2283. Equitable Life Assur. Soc. of United States v. Wert, 102 F.2d 10 (8 Cir. 1939); Lowe v. Jacobs, 243 F.2d 432 (5 Cir. 1957), cert. denied 355 U.S. 842, 78 S.Ct. 65, 2 L.Ed.2d 52 (1957); Lee v. Terminal Transport Co., 282 F.2d 805 (7 Cir. 1960), cert. denied 365 U.S. 828, 81 S.Ct. 713, 5 L.Ed.2d 705 (1961).

The issuance of the temporary restraining order and the granting of the

permanent injunction were valid exercises of a court possessing jurisdiction of the subject matter and of the parties. Under the authorities cited in No. 17,861, Heasley v. Davies, Judge Register is completely immune from liability for performance of such judicial acts.

The judgments in both cases are affirmed.