Fay HEASLEY, Selma Heasley, Helen Heasley Herr, Paul Heasley, Pearl Heasley Hendrix, Appellants,

v.

The UNITED STATES of America, Appellee.

No. 17863.

United States Court of Appeals Eighth Circuit.

July 16, 1965.

O. S. Gunderson, Christine, N. D., made argument for appellants and filed brief.

John O. Garaas, U. S. Atty., Fargo, N. D., made argument for appellee and filed brief with Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Joseph Kovner and Jonathan S. Cohen, Attys.,

Tax Division, Dept. of Justice, Washington, D. C.

Before VAN OOSTERHOUT, MATTHES and MEHAFFY, Circuit Judges.

PER CURIAM.

The plaintiffs brought this action against the United States seeking judgment for $4,000,000.00 alleging that they "have unlawfully been deprived of their farm, their property and their home." Specifically, the complaint alleges that a March, 1960 tax lien judgment obtained by the United States is "exorbitant and confiscatory"; that plaintiff, Fay Heasley, for himself and on behalf of the other plaintiffs (members of his family) offered to pay the tax lien, but the District Court arbitrarily refused to accept the offer and instead ordered the property to be publicly sold; that at the public sale the plaintiffs submitted the highest bid, but their offer was rejected for a lower one; and that this accepted bid was based on an installment payment plan which is in violation of the statute, 28 U.S.C.A. § 2001.

■ The District Court sustained the Government's motion for dismissal. We affirm the District Court's judgment as the only issues raised by this complaint have been admitted or judicially determined in prior litigation, therefore estopping plaintiffs from relitigating them.

This is yet another, and should be the final episode in the Heasley litigation involving the loss of their farm by reason of Fay Heasley's failure to discharge his income tax liabilities for the years 1944 through 1959, with the resulting foreclosure by the Government of its tax lien judgment on the Heasley property in March of 1960.[1] In the foreclosure action, United States v. Heasley, 170 F.Supp. 738 (D.C.N.D.1959), the amount due on the tax liabilities of Fay Heasley was stipulated and the rights of the Heasley family to the property were adversely adjudicated. Only Fay Heasley filed a notice of appeal from this judgment and it was subsequently dismissed for lack of prosecution, 272 F.2d 947 (8th Cir. 1959).

The case of United States v. Heasley, 283 F.2d 422, 426 (8th Cir. 1960), involved, *inter alia,* an appeal by the Heasleys from the order confirming the sale of the real estate and rejecting the Heasley bid. In our opinion in that case, we set out the events precipitating the controversy. We noted that the District Court conducted an exhaustive hearing on the ability of the Heasleys to comply with the terms of their bid, and concluded that it had not been submitted in good faith. After exploring the entire record, we ruled that the court's action in rejecting the Heasley bid was proper. The issue of the installment sale was also disposed of, 283 F.2d at 426:

"Appellants also assign as error the action of the Court in ordering the real estate sold on terms. Neither reason nor authority supports this contention. Section 2001 (b), supra, empowers the court to order the sale of realty at private sale 'for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby.' Thus, the 'best interests' of all parties concerned is the polestar in a situation of this kind. On this record it is conclusively demonstrated that it would have been inimical to the best interests of all parties to sell the real estate for cash, in fact, it is

1. Heasley v. United States, 312 F.2d 641 (8th Cir. 1963), (criminal contempt proceedings for violation of injunction restraining Heasleys from trespassing on the real estate involved); United States v. Heasley, 283 F.2d 422 (8th Cir. 1960), (confirmation of sale of the Heasley real estate); United States v. Heasley, 170 F. Supp. 738 (D.C.N.D.1959), appeal dismissed 272 F.2d 947 (8th Cir. 1959), (foreclosure of federal tax liens); Heasley v. United States, 218 F.2d 86 (8th Cir. 1955), cert. denied 350 U.S. 882, 76 S.Ct. 134, 100 L.Ed. 778 (1955), (conviction of Fay Heasley for income tax evasion for years 1946, 1947 and 1948, respectively, affirmed).

made to appear that informal offers obtained by the receiver indicated that it would be difficult to obtain in excess of $100,000 for the real estate on a cash sale. In general, the rule in federal courts is well settled that the matter of confirming a judicial sale rests in the sound judicial discretion of the trial court and this discretion will not be disturbed on appeal except in cases of its abuse. [Authorities and footnote omitted.] This record convincingly and conclusively demonstrates that the trial court did not abuse its discretion in directing the sale of the realty on terms. Indeed, Fay and Selma Heasley are hardly on firm ground in raising this point inasmuch as they did not object to such a sale until after their bids, also on the term basis, were rejected."

Surely United States v. Heasley, 283 F.2d 422 (8th Cir. 1960), reveals that the only issues the instant complaint seeks to raise have already been decided adversely to the Heasley family. If anything is settled in the law, it is that the parties to a lawsuit and their privies are precluded from relitigating issues conclusively settled by a former judgment. United States v. Munsingwear, 340 U.S. 36, 38, 71 S.Ct. 104, 95 L.Ed. 36 (1950); Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 597, 601, 68 S.Ct. 715, 92 L.Ed. 898 (1948); Goldman v. General Mills, Inc., 203 F.2d 439, 442 (8th Cir. 1953) and cases there cited; Gordon v. Ware Nat'l Bank, 132 F. 444, 449 (8th Cir. 1904).

 Another inefficacy in plaintiffs' present action is the failure to show that their complaint fitted within the exception that the sovereign is subject to suit only when it consents to be sued. United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed.

1058 (1940), and cases there cited. We are cited to no authority, nor has our research uncovered any, which would permit plaintiffs to sue the United States Government under the circumstances here.

The plaintiffs have been given every opportunity to litigate all their grievances during each phase of the judicial process. This included the right to contest the tax liability in the first instance; to advert foreclosure of the tax lien by paying the judgment, or, alternatively, to protect their respective interests in the property by tendering a good faith bid for it prior to or at the time of the public sale.

We do not prefer that the Heasley family chose to sacrifice their farm rather than satisfy their lawfully imposed income taxes, but their ill-advised decision has left this Court and the trial courts which patiently entertained their frivolous causes no other alternative for settlement of the claim. And this is not the first time in this Circuit when obstinate disobedience to the laws of the United States has invoked the drastic, unfavored remedy of dispossessing the landowner of his property as the only means of satisfying a judgment against him. See Weir v. United States, 339 F.2d 82 (8th Cir. 1964).

All litigation arising out of a single transaction must some day end. Nevertheless, plaintiffs seem bent on protracting their day in court by suing for damages every party connected with the case, including two federal judges, when the blame for their unfortunate plight falls on no one but themselves.[2]

We hope that by saying it again, plaintiffs will at last realize that their same old claim against but a new defendant is still without merit.

The judgment of the District Court in dismissing plaintiffs' complaint is affirmed.

2. Heasley v. Davies, 342 F.2d 786 (8th Cir. 1965).